0258

WESTERN CAROLINA REGIONAL SEWER AUTHORITY, Respondent, v. George R. BELL, Sr., Appellant.

(320 S. E. (2d) 487)

Court of Appeals

*George F. Townes,* Pickens, *for appellant.*

*Leo H. Hill* and *O. W. Bannister, Jr.,* Greenville, *for respondent.*

Heard June 28, 1984.

Decided Sept. 11, 1984.

GOOLSBY, Judge:

George R. Bell, Sr. appeals the trial court's order holding him in contempt for the willful failure to pay delinquent user charges to the respondent Western Carolina Regional Sewer Authority in violation of a previous order. The only issue we address is whether the earlier order in definite terms directs Bell to pay the user charges. We hold that the order does not clearly mandate their payment and we therefore reverse the trial court's finding of contempt.

In July 1977, Bell and other plaintiffs brought a class action on behalf of certain property owners serviced by Western Carolina seeking a declaratory judgment as to the legality and reasonableness of user charges imposed by Western Carolina. The trial court upheld the validity of the charges and the plaintiffs appealed.

Because the plaintiff's attorney thereafter suffered a heart attack, they sought an extension of time within which to perfect their appeal. The trial court granted them an extension in an order dated January 4, 1978. In doing so, however, the trial court reminded the plaintiffs that they were "found to have no defense ... to their obligation to pay [the user charges], and [that] it [was] their obligation to pay forthwith any and all outstanding user charges due to [Western Carolina] and to stay current upon the billings received."

When Bell later refused to pay the user charges, Western Carolina petitioned the trial court to issue a rule requiring Bell to show cause why he should not be held in contempt of the January 1978 order. In his return to the rule to show cause, Bell alleged, among other things, that the order "contain[s] no mandatory language directing payment of an account by any plaintiff" and that it does "not order [him] or any other plaintiff ... to pay anything to Western Carolina."

A party may not be convicted of contempt for the violation of a court order that "fails to tell him in definite terms what he must do." *Welchel v. Boyter*, 260 S. C. 418, 196 S. E. (2d) 496 at 498 (1973); 17 Am. Jur. (2d) *Contempt* § 52 at 54 (1964); 17 C.J.S. *Contempt* § 12 at 32 (1963). The order "must contain a mandatory or prohibitive provision ... and it must be so clearly expressed that when applied to the act complained of it will appear with reasonable certainty that it has been violated." *Id.* Furthermore, a party should not be punished for disobedience of an order where its language can be construed in a manner consistent with innocence. *Id.* at 33.

In this instance, the payment of the user charges is not clearly mandated by the trial court's order. 17 Am. Jur. (2d) *Contempt* § 52 at 54 (1964). As we view the January 1978 order, it only reaffirms the trial court's earlier declaration that the user charges were valid and reasonable and that the plaintiffs were obligated to pay them. Nowhere does the order instruct Bell and the others in definite terms to pay the charges.

For the foregoing reasons, then, the order of the trial court holding Bell in contempt is

Reversed.

SANDERS, C. J., and GARDNER, J., concur.