0452

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,
v. Lincoln C. BROCK, Jr., Appellant.

(329 S. E. (2d) 773)

Court of Appeals

*Jan L. Warner*, Sumter, and *C. Dixon Lee, III*, Columbia, *for appellant*.

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Frank K. Sloan, Sr., Asst. Attys. Gen. Nan L. Black* and *Gale D. Doby*, Columbia, *for respondent*.

Argued March 27, 1985.

Decided April 25, 1985.

CURETON, Judge:

This is a contempt proceeding initiated in the family court by the respondent, South Carolina Department of Social Services (DSS), against the appellant, Lincoln Brock, Jr. The court held Brock to be in contempt of its prior decree and ordered, *inter alia*, that he provide proof that he paid a marital debt at issue in the prior litigation. We reverse.

Lincoln Brock, Jr., and Barbara Ann Brock were divorced

in April, 1977. In March 1979, on a rule to show cause in the divorce proceeding, the court ordered Brock to pay $40 a week for child support. Paragraph Two of the order further provided:

> (d) That [Barbara Ann Brock] shall be solely responsible for all payments to ... Blazer Finance Company and, provided the payments referred to within this paragraph [reference is to lump sum payment in lieu of alimony, attorney's fees and liability for marital debts] are timely made, [Barbara Ann Brock] and said finance company shall hold [Lincoln Brock] harmless from any liability ... as to said obligations which are due and payable to ... Blazer Finance.[1]

Barbara Brock subsequently assigned her right to child support to DSS.

During the hearing in this case, Barbara Brock testified that the March 1979 decree ordered Brock to pay Blazer Finance and that she had been unable to make a credit purchase because of a $600 outstanding balance to Blazer. She also testified that Brock was $300 in arrears on the child support obligation.

Based on the testimony of Barbara Brock, the family court found that the March 1979 decree ordered Brock to pay Blazer Finance. It also found that Brock was in contempt of the order. On Brock's assertion that the Blazer debt had been paid, the court ordered that he furnish proof of payment within ten days. The court also ordered Brock to pay the arrearage in child support. Brock appeals the court's finding that the 1979 decree ordered that he pay Blazer Finance, its finding that he was in contempt of the decree, and its order that he furnish proof of payment of the obligation.

The issue before us is whether the 1979 decree ordered Brock to pay the Blazer obligation. It is well settled that a person may not be held in contempt of a court order that fails to either mandate or prohibit action. *Welchel v. Boyter*, 260 S. C. 418, 196 S. E. (2d) 496 (1973); *Western Carolina Regional Sewer Authority v. Bell*, 282 S. C. 646,

---

[1] Blazer Finance was an intervenor and party to the proceeding.

320 S. E. (2d) 487 (Ct. App. 1984), *cert. granted,* 326 S. E. (2d) 650 (1984).

A party may not be convicted of contempt for the violation of a court order that "fails to tell him in definite terms what he must do." *Welchel v. Boyter,* 260 S. C. 418, 196 S. E. (2d) 496, 498 (1973); 17 Am. Jur. (2d) *Contempt* Section 52 at 54 (1964); 17 C. J. S. *Contempt* Section 12 at 32 (1963). The order "must contain a mandatory or prohibitive provision . . . and it must be so clearly expressed that when applied to the act complained of it will appear with reasonable certainty that it has been violated." *Id.*

*Western Carolina Regional Sewer Authority v. Bell,* 320 S. E. (2d) at 488.

It is clear that the 1979 decree does not order that Brock pay the obligation to Blazer Finance. The decree clearly provides that Barbara Brock is responsible for payment to Blazer. Therefore, the family court erred in holding Brock in contempt for failing to pay Blazer and in ordering that he furnish proof of payment. Consequently, the judgment appealed from is reversed.

Reversed.

GARDNER and SHAW, JJ., concur.