1597

Joey G. McCALL, Respondent v. Sherri N. McCALL, Appellant.
(401 S.E. (2d) 193)

Court of Appeals

*Kenneth C. Porter* and *Robert M. Rosenfeld,* of *Porter & Rosenfeld,* Greenville, *for appellant.*

*P. Joyce McCarrell,* Travelers Rest, *for respondent.*

Heard Dec. 11, 1990.

Decided Jan. 21, 1991.

SHAW, Judge:

Respondent-husband Joey G. McCall instituted the present action against appellant-wife Sherri N. McCall seeking, among other things, to hold the wife in contempt for failure to make certain automobile payments. From an order holding the wife in contempt, we reverse.

The facts of this case are largely undisputed. A temporary order dated May 20, 1988 granted the wife possession of a 1988 LeMans automobile and made the wife responsible for the payments thereon. Another temporary order issued on March 20, 1989 required the wife to keep current all payments due on the automobile. The husband brought this action after the wife stopped making the necessary payments. The trial court found the wife in contempt for willful failure to make the payments.

The wife appeals arguing the trial judge erred in finding she willfully violated the court order requiring her to make the payments. We agree. In an appeal from an

order of the family court, this court has jurisdiction to find facts based on our own view of the preponderance of the evidence. *Baker v. Baker*, 286 S.C. 200, 332 S.E. (2d) 550 (Ct. App. 1985).

The record reveals the wife was working at a grocery store earning $3.70 per hour. She had a net income, excluding child support, of $735 per month with expenses of $1,465 per month. There is no indication that these expenses were inflated. The wife testified she did not have the money to make the car payments of $256 per month and that she had to quit school because of her financial situation and the necessity of caring for her children. While the wife was receiving child support of $125 per week, this amount was reduced to $100 per week pursuant to the temporary order of March 1989. She testified she was making as much money as she could and was doing all that she could to provide for her children.

It is generally recognized that where a contemnor is unable, without fault on his part, to obey an order of the court, he is not to be held in contempt. *Hicks v. Hicks*, 280 S.C. 378, 312 S.E. (2d) 598 (Ct. App. 1984). A determination of contempt should be imposed sparingly and is subject to reversal when it is based on a finding that is without evidentiary support. *Id.* 312 S.E. (2d) at 599.

Based on the record before us, we find the trial judge abused his discretion in finding the wife in willful contempt of the order.

Reversed.

BELL and CURETON, JJ., concur.