19620

Sandra L. B. WELCHEL and Samuel E. Welchel, Appellants, v. Geddes C. BOYTER, SR., and Louise T. Boyter, Respondents

(196 S. E. (2d) 496)

*T. Louis Cox, Esq.,* of *Cox & Brooks,* Spartanburg, *for Appellants,*

*Kenneth M. Powell, Esq.,* of Spartanburg, *for Respondents,*

420

May 7, 1973.

BRAILSFORD, Justice:

This is an appeal from an order of the Spartanburg County Court adjudging Samuel E. Welchel to be in contempt of court and sentencing him to confinement for fifteen days on the public works of Spartanburg County, unless he purges himself of contempt "by permitting Geddes Charles Boyter, III (Mr. Welchel's four-year-old stepson, known as Chucky) to have lunch at a public restaurant on two successive Saturdays with his grandparents (Geddes C. Boyter and Louise Boyter)." The child's father was killed in July, 1968, and his mother married Samuel E. Welchel in May, 1971. Chucky lives in Spartanburg with his mother, stepfather and a stepbrother. The grandparents also reside in Spartanburg. Lamentable discord developed between the two families rather soon after the remarriage of Chucky's mother.

In September, 1971, the grandparents brought a proceeding in the Spartanburg Family Court whereby they sought to establish rights of visitation with their grandson. This proceeding was resolved against them when the court sustained a demurrer to the complaint, holding that, under the circumstances alleged, the grandparents had no rights of visitation against the wishes of the mother having custody of the child. There was no appeal from this order and no attempt to amend the complaint was made.

In March, 1972, the Welchels, alleging that for about a year the Boyters had harassed them with abusive telephone

calls, as many as eight per day, commenced an action in the Spartanburg County Court against them for an injunction. The court, finding that the Boyters had unreasonably harassed the Welchels, but also finding that the Boyters should be allowed to communicate with their grandson, ordered "that the defendants shall be permitted to call Geddes Charles Boyter, III by telephone at 2:00 P.M. on each Sunday, and they shall be permitted to talk to Geddes Charles Boyter, III for a period of time not to exceed thirty (30) minutes. (Further Ordered) that the defendants are enjoined from and restrained from telephoning the Plaintiffs or Geddes Charles Boyter, III at any time other than that time herein prescribed and that the defendants shall not otherwise interfere with, molest, or bother the Plaintiffs or Geddes Charles Boyter, III."

Some two months later, the rule on which Samuel E. ██ Welchel was convicted of contempt was issued. The rule required Mr. and Mrs. Welchel to show cause why they should not be held in contempt for failure to comply with the above order. The contempt conviction was based upon three findings, as follows: (1) That Welchel had told the child that his grandparents were bad, (2) had been uncooperative in carrying out the order of the court and (3) had discouraged the child from talking with his grandparents. The evidence tending to support these findings is inherently weak, resting entirely upon inference from what the child said and did and ignoring Welchel's apparently reasonable explanation of the child's statement that his daddy had said that "papa" was bad. However, we need not review the evidence, because the findings do not establish that Welchel disobeyed the order, which commanded nothing of him. One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do. The langauge of the commands must be clear and certain rather than implied. 17 Am. Jur. (2d), Contempt, Sec. 52 (1964).

The other questions either become moot in the light of our conclusion or they are not properly involved in the appeal from the conviction and sentence for contempt.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.