0073

Mary S. HICKS, Respondent, v. Larry L. HICKS, Appellant.

(312 S. E. (2d) 598)

Court of Appeals

*Cary H. Hall, Jr.* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellant.*

*David H. Wilkins* of *Wilkins & Wilkins,* Greenville, *for respondent.*

Feb. 13, 1984.

CURETON, Judge:

In this action to enforce an alimony and support obligation, Larry Hicks appeals from orders of the family court finding him in contempt and refusing to reduce his support obligation. We affirm in part, reverse in part and remand for further proceedings.

In a separation agreement, incorporated into a court decree, appellant Hicks agreed on May 26, 1980 to pay $250 per month in alimony and $250 per month for each of his three minor children. At the time, he owned a real estate business and had gross earnings for the first half of 1980 of $12,500. He paid the $1,000 support obligation from June through September, 1980.

Beginning in October, 1980, Hicks made sporadic partial payments. He was adjudged in contempt of court on January 19, 1981 for failure to make the support payments as ordered.

In June, 1981, Mrs. Hicks petitioned the court to hold Hicks in contempt a second time. He cross-petitioned for a modification and reduction of his support obligation to $500, retroactive to November, 1980, thus eliminating the arrearage of $6,687.

At the hearing on the petitions, Hicks testified that he had no earnings during the second half of 1980 because of the recession in the real estate industry. He had been forced to close his business in January, 1981. He presented evidence from which it reasonably could be inferred that he diligently sought a job from December, 1980, until he was hired on June 12, 1981 at a salary of $20,000 a year. His net monthly income was $1,125.87. Hicks testified that he was unable to make the $1,000 a month payments. He proposed instead to pay $125 per week, which he had been paying since he secured the job.

In an order dated August 5, 1981, the family court denied Hicks's petition for reduction of support, finding that he had failed to show a substantial change of conditions to justify modification. He was also found to be in contempt of court. The court modified the order of child support to $500 monthly since the oldest child had attained majority. Hicks was then ordered to pay $250 alimony, $500 child support and $250 toward arrearages of $7,332.16. He appealed the order.

Following the order, Hicks continued to pay $125 weekly. By order dated October 14, 1981, he was adjudged to be in contempt of the August 5th order. He was sentenced to eleven months in prison. The court provided that Hicks could purge himself of contempt by paying the arrearage that had accumulated since entry of the August 5th order of $1,271.84 on or before October 29, 1981. Hicks appealed this order also.

On October 26, 1981, Hicks's Petition for Supersedeas of the October 14th order was granted by the South Carolina Supreme Court. The Court conditioned its grant of supersedeas on Hicks's payment of $750 per month while his appeal was pending. The appeals from the orders of August 5th and October 14th were consolidated for review in this Court.

In his first contention on appeal, Hicks asserts the trial court abused its discretion in holding him in contempt on August 5, 1981, because all the evidence shows he

was unable to comply with the order of support. It is generally recognized that where a contemnor is unable, without fault on his part,·to obey an order of the court, he is not to be held in contempt. *Brooks v. Brooks,* 277 S. C. 322, 286 S. E. (2d) 669 (1982). A determination of contempt should be imposed sparingly and within the sound discretion of the trial judge. *Jackson v. Jackson,* 241 S. C. 1, 126 S. E. (2d) 855 (1962). Yet, the trial court's determination is subject to reversal where it is based on a finding that is without evidentiary support. *Bearden v. Bearden,* 272 S. C. 378, 252 S. E. (2d) 128 (1979).

Since this is a proceeding in equity tried by a judge alone, we may determine the facts in keeping with our view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). Based on the record before us, we find that Hicks was unable to comply with the order of support during the period November, 1980 to June 12, 1981 because he was unemployed. We find further.that he actively sought employment during this period. Therefore, we hold that the court abused its discretion in holding Hicks in contempt on August 5, 1981.

Secondly, Hicks contends that the court abused its discretion in failing to temporarily reduce his support obligation on August 5, 1981, because his income had decreased substantially since entry of the support order. Ordinarily, a support obligation is modified only upon a showing of a substantial change of circumstances. *Smith v. Smith,* 275 S. C. 494, 272 S. E. (2d) 797 (1980). A petition for modification of support is addressed to the sound discretion of the trial court, and in determining whether modification is warranted, all relevant circumstances should be considered. *Eagerton v. Eagerton,* 262 S. C. 206, 203 S. E. (2d) 380 (1974); 27B C. J. S. *Divorce* Section 322(2) (1963). We find no abuse of discretion by the trial court in refusing to reduce the support obligation since the obligation was effectively reduced by $250 based on the elder child's attaining majority.

In his final contention, Hicks argues that the court abused its discretion in holding him in contempt on October 4, 1981. On August 5, he was ordered to .pay $750 support and $250 toward arrearages. He had net income of $1,125.87. He lived with his parents rent-free. He admitted the needs of his wife and children were in excess of $1,600 per month. Hicks, in disregard of the August 5th order, continued

to pay $500 per month as he had prior to the order. The evidence reveals no effort whatsoever to fully comply with the court's order. Therefore, we find no abuse of discretion on the part of the court in holding Hicks in contempt.

We decline to forgive Hick's arrearage that accrued from November, 1980 to August 5, 1981 as he requested in his petition. We find that the need of his family is so great as to require that he continue to pay the amounts which accumulated during his period of unemployment. During oral argument, we learned that the second child is now 18 years old. Hicks is entitled, therefore, to have credited against his arrearage the sum of $250 for each month since the child reached her majority that he has paid $750.

The judgment of the court holding Hicks in contempt on August 5, 1981 is reversed; the judgment of the court denying a modification of support is affirmed. The judgment of the court finding Hicks in contempt on October 14, 1981 is affirmed. We hold that Hicks may purge himself of contempt by paying $250 per month alimony, $250 per month child support (for one minor child), and $250 per month toward arrearages. The case is remanded to the family court for recomputation of arrearages based on our decision herein.

It is so ordered.

Affirmed in part, reversed in part and remanded.

SANDERS, C. J. and GARDNER, J., concur.