597 S.E.2d 897

Julie C. HAWKINS, Respondent,

v.

William Mark MULLINS, Appellant.

No. 3818.

Court of Appeals of South Carolina.

Heard March 10, 2004.
Decided June 7, 2004.

Randall K. Mullins, of N. Myrtle Beach; for Appellant.
Gary Hudson Smith, III, of Aiken; for Respondent.

PER CURIAM:

William Mark Mullins appeals the decision of the family court, asserting the trial judge erred in failing to find Julie C. Hawkins in contempt of court for various violations of previous court orders relating to visitation with the parties' minor child. We reverse and remand for the consideration of sanctions, if appropriate.

## FACTS

In 1998, Mullins, a resident of Virginia, brought an action against Hawkins, then a resident of North Carolina, seeking visitation with the parties' minor child. In May 1999, the North Carolina District Court issued an order awarding Mullins visitation.

In August 1999, the North Carolina District Court held Hawkins in contempt for leaving the state of North Carolina and withholding the minor child's address from Mullins in violation of the court's order. The court also ordered that Hawkins' brother-in-law, Jim Jackson, not be present for pick-up or drop-off of the minor child or in any way interfere with Mullins' visitation with the minor child. In March 2000, the North Carolina District Court transferred the case to South Carolina.

In December 2000, the family court in Aiken County convened a hearing pursuant to Mullins' Order and Rule to Show Cause, which again alleged Hawkins' noncompliance with court-ordered visitation. Prior to the hearing, the parties reached a final agreement, which granted Mullins monthly visitation, Christmas visitation, and extensive summer visitation.

In April 2001, alleging the prior visitation agreement was not in the best interest of the child, Hawkins sought and received an ex parte order suspending visitation between Mullins and the parties' child. After a May 8, 2001 hearing, the court issued an order lifting the ex parte order, changing the location of the visitation exchange, granting make-up visitation to Mullins, and reinstating summer visitation.

In January 2002, Hawkins contacted Mullins, requesting that his monthly visitation be rescheduled because of their

child's temporary illness. Mullins agreed to reschedule, but according to Mullins, when the time came to make up the visit, Hawkins denied that an agreement ever occurred. From February 2002 until July 2002, Mullins continued to exercise monthly visitation pursuant to the court's orders. In July 2002, Hawkins refused to participate in summer visitation, taking the position that the previous family court order granting summer visitation was incorrectly written, and therefore, "no good." Instead, Hawkins offered to shorten visitation to two weeks in the summer when visitation did not conflict with her plans for the child.

In July 2002, Mullins filed an Order and Rule To Show Cause seeking to have Hawkins found in contempt of court for denial of summer 2002 visitation, for denial of weekend visitation for January 2002, for allowing a prohibited third party to be present during a visitation exchange in July 2001, and to show cause as to why a restraining order should not be issued restraining and enjoining Hawkins or any of her agents from telephone harassment during summer visitation.

The court declined to hold Hawkins in contempt for refusing to participate in summer visitation in 2002. The court also detailed the frequency with which the parties' child could be called while in the possession of the other party, which included a provision limiting phone calls from the child's maternal grandparents.

## ISSUES

1. Did the trial court err in failing to find Hawkins in contempt because of Hawkins' willful failure to produce minor child for visitation in January 2002 and July 2002?

2. Did the trial court err in failing to award attorney's fees and costs stemming from Hawkins' contempt?

## STANDARD OF REVIEW

On appeal from the family court, this Court has jurisdiction to find facts in accordance with our own view of the preponderance of the evidence. *Murdock v. Murdock*, 338 S.C. 322, 526 S.E.2d 241 (Ct.App.1999). "A trial court's determination regarding contempt is subject to reversal where it is based on

findings that are without evidentiary support or where there has been an abuse of discretion." *Henderson v. Puckett,* 316 S.C. 171, 173, 447 S.E.2d 871, 872 (Ct.App.1994). "An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support." *Townsend v. Townsend,* 356 S.C. 70, 73, 587 S.E.2d 118, 119 (Ct.App.2003).

## LAW/ANALYSIS

### Contempt

Mullins contends that the trial court erred in failing to find Hawkins in contempt for failing to produce their child for visitation during January 2002 and for failing to produce their child for summer visitation in 2002.

A party may be found in contempt of court for the willful violation of a lawful court order. S.C.Code Ann. § 20-7-1350 (Supp.2003). Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct. *State v. Bevilacqua,* 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct.App.1994). In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order. *Eaddy v. Oliver,* 345 S.C. 39, 42, 545 S.E.2d 830, 832 (Ct.App.2001). At the same time, we remain cognizant that "contempt is an extreme measure and the power to adjudge a person in contempt is not to be lightly asserted." *Bevilacqua,* 316 S.C. at 128, 447 S.E.2d at 216. On appeal, the appellate court may reverse a trial judge's determination regarding contempt only if it is without evidentiary support or is an abuse of discretion. *Haselden v. Haselden,* 347 S.C. 48, 63–64, 552 S.E.2d 329, 337 (Ct.App.2001).

Mullins asserts Hawkins should have been held in contempt for failing to produce the child for visitation in January 2002. Although Mullins raised the issue in his Order and Rule to Show Cause, there is no indication in the record the trial court ruled on whether Hawkins' was in contempt for denial of January visitation. Furthermore, Mullins failed to raise this matter in a post-trial motion. Therefore, this issue

is not preserved for appeal. *See I'On v. Town of Mount Pleasant,* 338 S.C. 406, 526 S.E.2d 716 (2000) (stating parties should raise all necessary issues and arguments to trial court and attempt to obtain a ruling); *Townsend v. City of Dillon,* 326 S.C. 244, 486 S.E.2d 95 (1997) (holding issues not ruled upon by the trial judge are not preserved for appellate review); *Noisette v. Ismail,* 304 S.C. 56, 403 S.E.2d 122 (1991) (ruling issue was not preserved for appellate review where the trial court did not explicitly rule on the appellant's argument and the appellant made no Rule 59(e) motion to alter or amend the judgment).

■ Mullins next contends that the trial court erred in failing to find Hawkins in contempt for failing to produce their child for summer visitation in 2002. We agree.

In November 2000, Hawkins and Mullins agreed to a visitation schedule that was incorporated into the court's final order. Mullins was granted month-long summer visitation during July. Hawkins filed a SCRCP 59(e) Motion to Alter or Amend Judgment and, in April 2001, Hawkins filed a petition for an ex parte restraining order to suspend visitation. Mullins filed an Order and Rule to Show Cause on the visitation issue. The ex parte restraining order was granted prior to a hearing on the 59(e) motion and the Rule to Show Cause.

On June 12, 2001, the court issued an order addressing the issues raised in the parties' pending filings. The court lifted the ex parte order, granted make-up visitation to Mullins, specified the dates for summer visitation in 2001 and modified monthly visitation and location for exchange. The court ordered the remaining provisions of the December order to remain in full force and effect.

Hawkins asserts the June 2001 order only references summer visitation for the year 2001 and makes no reference to future summer visitation. Because no summer visitation was ordered beyond 2001, Hawkins maintains she made good faith attempts to settle the issue of summer visitation. After denying Mullins' the month-long July summer visitation, Hawkins sent a letter reducing summer visitation to approximately two weeks, at times convenient to her.

We are not convinced Hawkins believed the January 9, 2001 order was "no good". We are equally not satisfied that

Hawkins made a good faith effort to reconcile the two orders so Mullins could receive the month-long ordered visitation. Hawkins specifically agreed to the month long summer visitation in the final order from December 2000. Moreover, the June 2001 order required that the month long summer visitation remain in effect. Hawkins' protestations to the contrary are disingenuous. Hawkins had a history of interfering with Mullins' visitation and violating court orders. Accordingly, we find that Hawkins should be held in contempt because of her willful noncompliance with the family court's January 2001 order.

### Sanction & Fees For Contempt as to Visitation Exchange

The court found Hawkins in contempt for violating the Court's prior Order requiring that her brother-in-law, Mr. Jim Jackson, not be present at visitation exchanges, but declined to impose sanctions or award Mullins attorney fees and costs. Mullins asserts this was in error. We disagree.

Even though a party is found to have violated a court order, the question of whether or not to impose sanctions remains a matter for the court's discretion. *Sutton v. Sutton*, 291 S.C. 401, 409, 353 S.E.2d 884, 888 (Ct.App.1987). Moreover, the decision to deny attorney fees is largely discretionary with the trial court and its decision will not be disturbed on appeal absent an abuse of that discretion. *Smith v. Smith*, 308 S.C. 492, 496–497, 419 S.E.2d 232, 234–235 (Ct.App.1992). Given that Mr. Jackson was not outside with the parties while Father was present for the visitation exchange, we cannot say that the trial court abused its discretion in determining the infraction was not of such a magnitude as to warrant the imposition of sanctions or the assignment of attorney's fees.

### CONCLUSION

We find Hawkins should be held in contempt for noncompliance with a court order. We remand this matter to the lower

court for consideration of sanctions and attorney's fees if the court deems them appropriate.

**REVERSED AND REMANDED.**

HEARN, C.J., ANDERSON and BEATTY, J., concur.