THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Bart Altman, Respondent,
v.
Vicky G. Griffith, Appellant.
 
 
 

Appeal from Charleston County
 Paul W. Garfinkel, Family Court Judge

Unpublished Opinion No. 2006-UP-266
Submitted April 1, 2006  Filed May 25, 2006

REVERSED

 
 
 
Donald Bruce Clark, of Charleston and Sabrina R. Grogan, of Mt. Pleasant, for Appellant.
Ernest Bartlett Altman, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Vicky Griffith appeals the family courts order finding her in contempt for failing to pay child support through the clerks office. We reverse.[1]   
FACTS
Griffith and Bart Altman have never been married, but have a son born May 27, 1999.  On December 6, 2004, Altman was awarded custody of their son, and Griffith was ordered to pay child support in the amount of $45.46 plus five percent to be paid weekly through the clerk of the family court commencing on the first Friday after the Final Order was signed.   
Griffith attempted to pay child support through the clerks office, only to be told that the clerk was unable to identify reason, our docket number or any other information as to why this check was forwarded to our court.    Griffiths first payment was returned to her by the clerk.   Pursuant to advice from her attorney, Griffith made the next two payments directly to Altman, who cashed the checks. 
On January 28, 2005, the clerk issued a rule to show cause directing Griffith to appear on March 9, 2005, and show cause why she should not be held in contempt of court for failing to pay $238.65 in child support payments that had become due. The sheriffs affidavit of service shows Griffith was not served with the rule to show cause until February 22, 2005. On February 23, 2005, Griffith sent a letter to the clerk explaining why she had not made the first payment, which was due on December 10, 2004, and enclosed the payment. Griffith also noted in this letter that her attorney was in contact with the clerks office regarding proper crediting of her previous payments. Photocopies of money orders presented to the clerk at that time established that the only payments Griffith had not made were the first payment (which had been paid at the time of the contempt hearing) and the two payments she made directly to Altman.
At the contempt hearing, Altman acknowledged accepting these two payments but stated that they were for another debt that she owed me, which he claimed Griffith was required to pay him under the terms of the Final Order. Griffith testified she did not owe Altman any money. No evidence was offered by Altman that the two payments he accepted from Griffith, which substantially coincided with the due dates and amounts of the child support obligations, were to reimburse him for any monies Griffith owed him under the terms of the final order.[2]   
The family court found Griffith in contempt of court and sentenced her to ninety days in jail, which could be purged by paying the two payments to the clerk, plus paying $150 in court costs, and paying Altman twenty-five dollars for time lost from work.   
STANDARD OF REVIEW
On appeal from the family court, an appellate court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence.  Murdock v. Murdock, 338 S.C. 322, 328, 526 S.E.2d 241, 244-45 (Ct. App. 1999).  A finding of contempt
rests within the sound discretion of the trial court and results from willful disobedience of a court order.  Henderson v. Henderson, 298 S.C. 190, 197, 379 S.E.2d 125, 129 (1989).  A trial courts determination regarding contempt is subject to reversal where it is based on findings that are without evidentiary support or where there has been an abuse of discretion.
Henderson v. Puckett, 316 S.C. 171, 173, 447 S.E.2d 871, 872 (Ct. App. 1994). Even though a party is found to have violated a court order, the question of whether or not to impose sanctions remains a matter for the courts discretion. Hawkins v. Mullins, 359 S.C. 497, 503, 597 S.E.2d 897, 900 (Ct. App. 2004). An abuse of discretion occurs either when the court is controlled by some error of law or where the order,
based upon findings of fact, lacks evidentiary support. Townsend v. Townsend, 356 S.C. 70, 73, 587 S.E.2d 118, 119 (Ct. App. 2003).
LAW/ANALYSIS
Griffith contends the family court erred in finding her in contempt for failing to pay child support through the clerks office where there was no evidence she had willfully violated the court order.  We agree.  
The power to punish for contempt is inherent in all courts and is essential to preservation of order in judicial proceedings. In re Brown, 333 S.C. 414, 420, 511 S.E.2d 351, 355 (1998).  Contempt results from a partys willful disobedience of a court order.  Smith v. Smith, 359 S.C. 393, 396, 597 S.E.2d 188, 189 (Ct. App. 2004); S.C.Code Ann. § 20-7-1350 (Supp. 2004) (stating that a party may be found in contempt of court for the willful violation of a lawful court order). A willful act is one which is done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires
to be done; that is to say, with bad purpose either to disobey or disregard the law. Widman v. Widman, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) (quoting Spartanburg County Dept of Soc. Servs. v. Padgett, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988)). [B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct. Widman, 348 S.C. at 119, 557 S.E.2d at 705.
In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondents noncompliance with the order.  Hawkins, 359 S.C. at 501, 597 S.E.2d at 899.  Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order.  Widman, 348 S.C. at 120, 557 S.E.2d at 705.  Furthermore, it is generally recognized that where a contemnor is unable, without fault on his part, to obey an order of the court, he is not to be held in contempt.  Hicks v. Hicks, 280 S.C. 378, 381, 312 S.E.2d 598, 599 (Ct. App. 1984). 
The evidence was undisputed that Griffith was unable, without fault on her part, to make these child support payments through the clerk of courts office at the time they were due, and on the advice of her counsel, she made them directly to Altman.  The evidence also shows that these payments were made as child support, notwithstanding Altmans statement that Griffith owed him money under the Final Order and that he accepted the money on that behalf.  The likelihood that the two payments Griffith made  substantially in the amounts due and on the dates when the payments were due, were for anything other than child support is simply not supported by the evidence. 
The family court abused its discretion in finding Griffith in contempt where there was no evidence she had willfully violated the court order to pay child support.  
CONCLUSION
For the reasons stated herein, the trial courts decision is 
REVERSED.  
SHORT, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR. 
[2] The Final Order was not presented to the trial court.  Moreover, Altman never identified what provision of the order requires Griffith to pay him the sums he claims Griffith owed him.