THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Robert Michael
 Gaddis & Robert S. Gaddis, Appellants,
 v.
 Stone Ridge
 Golf, LLC, Arcadis Geraghty & Miller, Inc., & Greenville County Soil
 & Water Conservation District, Defendants,
 Of whom
 Arcadis
 Geraghty & Miller, Inc., is Respondent.
 
 
 

Appeal From Greenville County
John C. Few, Circuit Court Judge
Unpublished Opinion No. 2008-UP-292
Submitted June 1, 2008  Filed June 5,
 2008
AFFIRMED

 
 
 
 David L. Thomas, of Greenville, for Appellants.
 N. Ward Lambert and R. Patrick Smith, both of Greenville, for
 Respondent.
 
 
 

PER
 CURIAM:  In this civil action, Robert
 Michael Gaddis (R.M. Gaddis) and Robert S. Gaddis (R.S. Gaddis) appeal the
 trial courts dismissal of their claims under section 15-36-100 of the South
 Carolina Code (Supp. 2007) and the alternative ground of res judicata. 
 We affirm.[1] 
As to the professional negligence claim, S.C. Code § 15-36-100(E) (Supp. 2007) provides that a defective
 affidavit may result in dismissal for failure to state a claim unless cured by
 amendment within thirty days.  Here, the court never addressed in its final
 order the plaintiffsʼ request to amend the affidavit or pleadings to
 allege a supervisory theory of recovery and the court was never asked to do so
 pursuant to a Rule 59(e) motion.  Therefore, the supervisory theory of recovery was never asserted
 by amended affidavit or further developed in the record.  See Jones v. State Farm Mut. Auto. Ins.
 Co., 364 S.C. 222, 235, 612 S.E.2d 719, 726 (Ct. App. 2005) ([A]n issue is
 not preserved where the trial court does not explicitly rule on an argument and
 the appellant does not make a Rule 59 motion to alter or amend the judgment.
 (citing Hawkins v. Mullins, 359 S.C. 497, 501-02, 597 S.E.2d 897, 899
 (Ct. App. 2004))).  Similarly, the argument presented on appeal as to the
 effective date of the statute was never raised to the trial court.  See Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (noting an
 issue cannot be raised for the first time on appeal, but must have been raised
 to and ruled upon by the trial court to be preserved for appellate review).  Thus,
 these issues are not preserved for our review.  
As to the trespass and nuisance causes of action, the trial court
 never explicitly addressed these claims in its final order.  Moreover, the
 court was never asked to explicitly address these claims after the written
 order was filed.  Accordingly, these issues are not preserved for review.  See Jones, 364 S.C. at 235, 612 S.E.2d at 726.
Based on our ruling, we need not address the alternative ground of res judicata as to R.M. Gaddis.  See Whiteside v.
 Cherokee County School Dist. No. One, 311 S.C. 335, 428 S.E.2d 886 (1993)
 (finding the court need not address remaining issue when resolution of prior
 issue is dispositive).
AFFIRMED.
THOMAS,
 J., PIEPER, J., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.