**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Meng-Ling Vieux,                              Appellant,

v.

Roger M. Vieux,                              Respondent.

———————

Appeal From Horry County
Ronald R. Norton, Family Court Judge

———————

Unpublished Opinion No. 2012-UP-425
Submitted May 1, 2012 – Filed July 18, 2012

———————

**AFFIRMED**

———————

William Isaac Diggs, of Myrtle Beach, for Appellant.

Jason P. Boan, of Surfside Beach, for Respondent.

Brana Williams, of Murrells Inlet, for Guardian ad Litem.

**PER CURIAM:** Meng-Ling Vieux (Mother) appeals the family court's order declining to hold Roger M. Vieux (Father) in willful contempt of the

final divorce decree (the order).  Mother argues the family court erred in disregarding the terms of parties' settlement agreement, which was incorporated into the order, and in finding Father reasonably withheld permission for his children to travel out of the country.  Because the parties' settlement agreement incorporated in the family court's order was unambiguous and Father reasonably withheld his permission for the minor children to travel out of the country, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Simmons v. Simmons, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [the appellate] [c]ourt reviews factual and legal issues de novo."); Lewis v. Lewis, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court . . . in making credibility determinations."); Tracy v. Tracy, 384 S.C. 91, 96, 682 S.E.2d 14, 17 (Ct. App. 2009) ("A [family] court's determination regarding contempt is subject to reversal where it is based on findings that are without evidentiary support or where there has been an abuse of discretion." (internal quotation marks omitted)); id. ("An abuse of discretion occurs either when the [family] court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support." (internal quotation marks omitted)); Hawkins v. Mullins, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004) ("A party may be found in contempt of court for the willful violation of a lawful court order."); Lindsay v. Lindsay, 328 S.C. 329, 340, 491 S.E.2d 583, 589 (Ct. App. 1997) ("The [family] court must enforce an unambiguous contract according to its terms regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully."); Nicholson v. Nicholson, 378 S.C. 523, 532, 663 S.E.2d 74, 79 (Ct. App. 2008) ("A court approved divorce settlement must be viewed in accordance with principles of equity and there is implied in every such agreement a requirement of reasonableness." (internal quotation marks omitted)).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.