**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jamar Wilson, Appellant,

v.

Nadiah Jefferies, Respondent.

Appellate Case No. 2016-002259

---

Appeal From Cherokee County
James F. Fraley, Jr., Family Court Judge

---

Unpublished Opinion No. 2018-UP-253
Submitted March 1, 2018 – Filed June 13, 2018

---

**AFFIRMED**

---

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellant.

Nadiah Jefferies, of Gaffney, pro se.

---

**PER CURIAM:** Jamar Wilson appeals the family court's refusal to issue a rule to show cause against Nadiah Jefferies. We affirm.[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

According to the rule to show cause that Wilson requested the family court to issue, Jefferies was to appear before the family court to "show cause, if any, why [she] should not be held in [c]ontempt of [c]ourt for willfully violating the provisions of an [o]rder of this court as alleged in the verified [c]omplaint attached thereto." In his verified complaint for contempt, however, Wilson did not set forth any allegations that would support a finding that Jefferies violated a court order. Rather, he alleged Jefferies falsely represented to the family court she had childcare expenses and the amount of child support he was ordered to pay her was based on this fraudulent information.

We therefore affirm the family court's refusal to issue the requested rule to show cause pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 63-3-530(A)(13) (2010) (providing the family court has exclusive jurisdiction "in all cases or proceedings within the county against persons charged with failure to obey an order of the court made pursuant to authority conferred by law"); Rule 14(a), SCRFC ("Except for direct contempt of court, contempt of court proceedings shall be initiated only by a rule to show cause duly issued and served in accordance with the provisions thereof."); S.C. Code Ann. § 63-3-620 (2010 & Supp. 2017) ("An adult who willfully violates, neglects, or refuses to obey or perform a lawful order of the court, or who violates any provision of this chapter, may be proceeded against for contempt of court."); Rule 14(c), SCFRC (requiring a rule to show cause, unless issued by the family court sua sponte, to be "based upon and supported by an affidavit or verified petition" that "identif[ies] the court order, decree or judgment which the responding party has allegedly violated, the specific act(s) or omissions(s) which constitute contempt, and the specific relief which the moving party is seeking"); *Henderson v. Puckett*, 316 S.C. 171, 173, 447 S.E.2d 871, 872 (Ct. App. 1994) ("A trial court's determination regarding contempt is subject to reversal where it is based on findings that are without evidentiary support or where there has been an abuse of discretion.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**