**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth Evans, Respondent,

v.

Chelsea Leigh Evans, Appellant.

Appellate Case No. 2017-001293

———————————

Appeal From Aiken County
Deborah Neese, Family Court Judge

———————————

Unpublished Opinion No. 2019-UP-154
Submitted March 1, 2019 – Filed May 1, 2019

———————————

**AFFIRMED**

———————————

Gregory P. Harlow, of Harlow Law Offices, PA, of
Aiken, for Appellant.

Tom Griffin Woodruff, Jr., of Woodruff Law Offices,
LLC, of Aiken, and Robert Rutland Thuss, of Thuss Law
Office, LLC, of Columbia, both for Respondent.

———————————

**PER CURIAM:** Chelsea Leigh Evans (Wife) appeals a contempt order issued by the family court based on a finding she prevented Kenneth Evans, her former husband (Husband), from obtaining possession of a welder awarded to him in the parties' divorce decree. On appeal, Wife argues (1) the evidence in the record did

not support the family court's decision to find her in contempt and order her to reimburse Husband for the value of the welder and the attorney's fees he incurred in bringing the contempt action and (2) the family court erred in refusing to find Husband forfeited his right to possession of the welder through his failure to retrieve it by the deadline stated in the divorce decree.  We affirm.

1.  We hold (1) the family court acted within its discretion in finding Wife in contempt and ordering her to reimburse Husband for the value of the welder and his attorney's fees and costs and (2) the contempt finding was supported by the evidence.  *See Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 760 (Ct. App. 2007) ("The determination of contempt ordinarily resides in the sound discretion of the trial judge."); *Durlach v. Durlach*, 359 S.C. 64, 70-71, 596 S.E.2d 908, 912 (2004) (acknowledging civil contempt must be proven by clear and convincing evidence but also stating the appellate court should reverse a contempt decision by the family court only if the decision was without evidentiary support or the family court abused its discretion); *id.* at 70, 596 S.E.2d at 912 (stating the appellate court, when reviewing a family court's factual findings in a contempt proceeding, should give the family court broad deference if the evidence is in dispute); *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order.").

2.  We further hold the family court properly rejected Wife's argument that she should not be held in contempt because Husband forfeited his right to possession of the welder by failing to retrieve it by the deadline stated in the divorce decree. The family court correctly observed the parties' divorce decree only required Husband to make arrangements to retrieve his property on or before September 15, 2016.  The decree did not require Husband to have his belongings moved from Wife's residence by the stated deadline.  Therefore, the family court acted within its discretion in refusing to find Husband's failure to retrieve the welder as a defense to his contempt petition.  *See Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("The determination of contempt ordinarily resides in the sound discretion of the trial judge.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.