**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher K. Maddaloni, Respondent,

v.

Jacqueline Pidanick, Appellant.

Appellate Case No. 2016-001893

Appeal From Beaufort County
Cely Anne Brigman, Family Court Judge

Unpublished Opinion No. 2019-UP-335
Submitted September 1, 2019 – Filed October 9, 2019

**AFFIRMED**

Jacqueline Pidanick, of Bluffton, pro se.

Marshall L. Horton and Lindsay Yoas Goodman, both of Horton & Goodman, LLC, of Bluffton, for Respondent.

**PER CURIAM:** Jacqueline Pidanick (Mother), pro se, appeals the family court's August 2016 order finding Christopher K. Maddaloni (Father) was not in willful contempt and dismissing her rule to show cause with prejudice. On appeal, Mother argues (1) the family court erred by "failing to place contempt charges on Father for ongoing abuse," (2) the family court erred by denying her civil rights to equal

protection and due process, and (3) the lack of fundamental rights and constitutional rights led to a void order. We affirm.[1]

1. The family court did not err by finding Father was not in willful contempt.[2] *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo . . . ."); *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004) ("A party may be found in contempt of court for the willful violation of a lawful court order."); *id.* ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order.").[3] Here, Mother argued Father violated the April

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] In her final brief, Mother argues Father violated the April 2015 order by (1) trespassing on her property several times between November 2015 and January 2016, (2) hitting her son (Son) with his car, (3) "str[iking]" her with his shoulder in October 2015, (4) harassing her via text message, (5) harassing a friend who was monitoring the parties' exchange of their child, (6) harassing the daycare, (7) failing to pay a portion of Child's dental bill, and (8) failing to update her on Child's well-being while in his care. Although Mother contends in her reply brief she was appealing "every aspect of [the August 22, 2018 order], Mother did not specifically argue the additional violations of the April 2015 order she raised below in her final brief, including (1) harassing her clients, (2) defaming her in front of Child, and (3) harassing her personal and professional relationships with information gleaned from her private Facebook. Accordingly, the additional violations of the April 2015 order raised for the first time in Mother's reply brief are not properly before this court. *See Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use either oral argument or the reply brief as a vehicle to argue issues not argued in the appellant's brief."). Further, any violation of the April 2015 order relating to Father failing to update Mother on Child's well-being while in his care is not preserved for appellate review because it was not ruled on by the family court and Mother did not file a Rule 59(e), SCRCP, motion seeking a ruling. *Doe v. Roe*, 369 S.C. 351, 376, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue is not preserved where the [family] court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment.").

[3] To the extent Mother contends Father perjured himself, we find this issue was not preserved for appellate review because it was not raised to or ruled on by the family court. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the

2015 order by (1) trespassing on her property several times between November 2015 and January 2016, (2) hitting Son with his car, (3) "str[iking]" her with his shoulder in October 2015, (4) harassing her via text message, (5) harassing a friend who was monitoring the parties' exchange of Child, (6) harassing the daycare, and (7) failing to pay a portion of Child's dental bill.  However, we find Mother failed to establish the times, dates, or any collaborating evidence of these allegations beyond her own testimony.

2.  Mother's remaining two issues on appeal are not preserved for appellate review because they were not raised to and ruled on by the family court.  *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

first time on appeal, but must have been raised to and ruled upon by the trial court.").