**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nathenia J. Rossington, Appellant,

v.

Julio A. Rossington, Respondent.

Appellate Case No. 2019-001278

———————

Appeal From Berkeley County
Michael S. Holt, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-025
Heard October 13, 2021 – Filed January 12, 2022

———————

**AFFIRMED IN PART AND REVERSED AND
REMANDED IN PART**

———————

Deborah Kay Lewis, of Charleston, for Appellant.

Brett Lamb Stevens, of Stevens Law, LLC, of Columbia,
for Respondent.

———————

**PER CURIAM:** In this domestic matter, Nathenia Rossington (Mother) argues the family court erred in (1) awarding joint custody of the parties' minor child (Son), (2) calculating child support to be paid by Julio Rossington (Father), (3) awarding an alternating dependent tax exemption between the parties, (4) failing to

find Father in contempt, and (5) failing to award Mother attorney's fees and costs. We affirm in part and reverse and remand in part.[1]

1. We find the family court erred in setting joint custody of Son. The record is replete with evidence showing the parties' inability to effectively communicate and co-parent and that Father was often the initial aggressor for their disputes. Thus, we find the joint custody arrangement awarded by the family court failed to serve the best interest of Son. *See Klein v. Barrett*, 427 S.C. 74, 80, 828 S.E.2d 773, 776 (Ct. App. 2019) ("In a child custody case, the welfare of the child and what is in the child's best interest is the primary, paramount, and controlling consideration of the court." (quoting *McComb v. Conard*, 394 S.C. 416, 422, 715 S.E.2d 662, 665 (Ct. App. 2011))); *id.* at 81, 828 S.E.2d at 776 ("While numerous prior decisions set forth criteria that are helpful in such a determination, there exist no hard and fast rules and the totality of circumstances peculiar to each case constitutes the only scale upon which the ultimate decision can be weighed." (quoting *Clark v. Clark*, 423 S.C. 596, 605, 815 S.E.2d 772, 777 (Ct. App. 2018))); S.C. Code Ann. § 63-15-230(A) (Supp. 2020) ("The court shall make the final custody determination in the best interest of the child based upon the evidence presented."); *Bojilov v. Bojilov*, 425 S.C. 161, 176, 819 S.E.2d 791, 800 (Ct. App. 2018) ("In making its custody determination, '[t]he family court must consider the character, fitness, attitude, and inclinations on the part of each parent as they impact the child,' and it should also consider 'the psychological, physical, environmental, spiritual, educational, medical, family, emotional[,] and recreational aspects of the child's life.'" (alterations in original) (quoting *Woodall v. Woodall*, 322 S.C. 7, 11, 471 S.E.2d 154, 157 (1996))). Accordingly, we modify the joint custody arrangement as follows. During the school year, Mother will have primary physical custody of Son. Father will have visitation with Son every other weekend from Thursday after school until Sunday at 4 p.m. Father's weekends are to coincide with his visitation with his other children to allow Son the opportunity to spend quality time with his siblings. As to decision-making, Mother and Father shall work together to make all major decisions for Son. If Mother and Father are unable to agree on a major decision, Mother shall have final decision-making authority on all matters, including issues involving education, health, religion, extracurricular activities, etc. Father shall have full access to Son's medical care, which shall include but not be limited to, appointments, prescriptions, medical providers, pharmacies, and records. Likewise, Father shall have full access to

---

[1] "Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings." *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019).

Son's educational development, which shall include but not be limited to, access to records, full access to the school, educators, schedules, report cards, and activities. Father is entitled to full access to all records, appointments, and activities of Son as set out above without interference by Mother. Further, both parties shall be allowed to attend any school and extracurricular activities of Son.

2. We find the family court erred in calculating child support because it failed to include all of Father's income in its calculation. *See* S.C. Code Ann. Regs. 114-4720(4) (Supp. 2020) (providing that when a parent who pays child support is self-employed, "gross income is defined as gross receipts minus ordinary and necessary expenses required for self-employment or business operation, including employer's share of FICA. . . . In general, the court should carefully review income and expenses from self-employment or operation of a business to determine *actual levels of gross income available to the parent* to satisfy a child support obligation. As may be apparent, this amount may differ from the determination of business income for tax purposes" (emphasis added)). Accordingly, we reverse and remand the matter to the family court to recalculate child support to include all of Father's income reported in his Schedule K-1 and in accordance with the modifications to the joint custody arrangement as set forth above. Additionally, the family court will reapportion between the parties the responsibility for non-covered medical expenses in accordance with the new child support calculation.

3. We find the family court did not err in awarding an alternating dependent tax exemption between the parties. *See* S.C. Code Ann. § 20-3-130(F) (2014) ("The Family Court may allocate the right to claim dependency exemptions pursuant to the Internal Revenue Code and under corresponding state tax provisions . . . ."); *Hudson v. Hudson*, 340 S.C. 198, 204–05, 530 S.E.2d 400, 403–04 (Ct. App. 2000) (holding that the family court may allocate a dependent tax exemption to the noncustodial parent). Based upon our review of the record, we find alternating the tax exemption between the parties is equitable. Accordingly, we affirm the family court on this issue. *See Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) ("The family court is a court of equity."); *Engle v. Engle*, 343 S.C. 444, 447, 454, 539 S.E.2d 712, 713, 717 (Ct. App. 2000) (affirming the family court's award of the dependent tax exemption to the noncustodial father when the family court reasoned the father earned the greater income and would benefit most from the exemption).

4. We find the family court properly declined to find Father in contempt for the allegations raised by Mother. *See Hawkins v. Mullins*, 359 S.C. 497, 501, 597

S.E.2d 897, 899 (Ct. App. 2004) ("A party may be found in contempt of court for the willful violation of a lawful court order."); *id.* ("Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct."). Mother filed a rule to show cause and a supporting affidavit, alleging Father should be held in contempt for (1) failing to pay his December 2017 child support payment pursuant to the first temporary order and (2) violating the right of first refusal provision included in the first temporary order by sending Son to daycare while at work.[2] Although Father admitted he failed to timely pay his December 2017 child support, we agree with the family court that Mother failed to show this violation was willful. *See id.* at 503, 597 S.E.2d at 900 ("Even though a party is found to have violated a court order, the question of whether or not to impose sanctions remains a matter for the court's discretion."). Further, we agree with the family court that obtaining work-related childcare for when the child is in the custody of a working parent is not equivalent to electing to use a babysitter for a temporary period. Accordingly, we affirm the family court on this issue.

5. Based on the foregoing, we reverse the family court's award of attorney's fees and remand for redetermination in accordance with this opinion.[3] *See Ward v. Washington*, 406 S.C. 249, 257, 750 S.E.2d 105, 109 (Ct. App. 2013) (reversing and remanding to the family court the issue of attorney's fees when this court reversed the family court's contempt holding); *Roof v. Steele*, 396 S.C. 373, 390, 720 S.E.2d 910, 919 (Ct. App. 2011) (remanding the issue of attorney's fees to the family court when reversing and remanding other matters on appeal).

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

---

[2] At the hearing and in her appellant's brief, Mother also alleged Father had not yet paid his October 2018 child support payment. However, Mother neither moved to amend her rule to show cause and supporting affidavit to include the October 2018 payment nor filed an additional rule to show cause. Thus, this claim is not properly before this court.

[3] In her appellant's brief, Mother also challenges the family court's allocation of the guardian ad litem's fees between the parties, asserting the family court erred in failing to require that Father pay the entirety of the guardian's fees. We find Mother abandoned this issue on appeal as she failed to include the allocation of the guardian's fees in her stated issues on appeal and failed to cite any supportive authority for her proposition. *See Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

**WILLIAMS, A.C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**