**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

SCDSS - Vanessa Ortiz, Respondent,

v.

Ruben Gonzalez, Appellant.

Appellate Case No. 2020-000097

Appeal From Abbeville County
W. Greg Seigler, Family Court Judge

Unpublished Opinion No. 2022-UP-109
Submitted February 1, 2022 – Filed March 16, 2022

**AFFIRMED**

John Preston Griffith, of Smith & Griffith, LLP, of Anderson, for Appellant.

Andrea Devorea Spriggs, of South Carolina Department of Social Services, of Greenville, for Respondent.

**PER CURIAM:** Ruben Gonzalez appeals the family court's order finding him in civil contempt for willfully failing to pay child support. On appeal, Gonzalez argues the family court erred by (1) classifying his sentence as civil, (2) failing to give him a reasonable opportunity to be heard, and (3) finding he willfully failed to pay. We affirm pursuant to Rule 220(b), SCACR.

Issues one and two are not preserved for appellate review because they were not raised to or ruled on by the family court. *See Kosciusko v. Parham*, 428 S.C. 481, 506, 836 S.E.2d 362, 375 (Ct. App. 2019) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [family court]." (alteration in original) (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003))); *id.* ("Issues not raised and ruled upon in the [family] court will not be considered on appeal." (alteration in original) (quoting *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94)).

As to issue three, Gonzalez was ordered to pay child support in 2013. He did not pay his child support as ordered starting in August 2019 until he made a partial payment on December 16, 2019. Gonzalez explained to the family court he was unable to pay child support because he did not have a job and it was difficult to find childcare or a job that would allow him to bring his child to work. Because Gonzalez's explanation regarding his failure to pay showed his nonpayment was willful, we find the family court did not err by finding Gonzalez willfully failed to pay child support. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (stating an appellate court reviews the family court's decisions de novo); *Ashburn v. Rogers*, 420 S.C. 411, 416, 803 S.E.2d 469, 471 (Ct. App. 2017) ("Consistent with this de novo review, the appellant retains the burden to show that the family court's findings are not supported by a preponderance of the evidence; otherwise, the findings will be affirmed."); *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 760 (Ct. App. 2007) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order." (quoting *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004))); *Widman*, 348 S.C. at 119-20, 557 S.E.2d at 705 ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, *or with the specific intent to fail to do something the law requires to be done . . . .*'" (emphasis added) (quoting *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988))).

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.