0267

Jane Sullivan HASELWOOD, Appellant, v. Louis Gray SULLIVAN, II, Respondent.

(320 S. E. (2d) 499)

Court of Appeals

*Herman E. Cox,* Greenville, *for appellant.*

*J. D. Todd, Jr.,* Greenville, *for respondent.*

Heard Aug. 1, 1984.

Decided Sept. 14, 1984.

GARDNER, Judge:

Appellant Haselwood, former wife of the respondent husband, (Sullivan) brought this action asking (1) for judgment against her former husband for past due alimony and child support, (2) that an income tax refund be added to the alimony and support arrearage and (3) that the husband be held in contempt for noncompliance with a previous order requiring her husband to maintain certain life insurance policies and furnish proof thereof to Haselwood. The trial judge denied the relief sought. We agree and affirm.

By decree dated March 16, 1978, the parties were divorced and custody of the children, support and alimony payments awarded Haselwood. By subsequent order of March 18, 1980, the support and alimony payments were reduced. As to past

due alimony and support, the March 18, 1980, order in pertinent part provided:

(4) PRESENT ARREARAGES: It is undisputed that the Plaintiff is presently in arrears in both support and alimony through 29 February 1980 in the alleged amount of Eight Thousand Two Hundred and No/100 ($8,200.00) Dollars. Collection of this arrearage shall, however, be held in abeyance until such time as the Plaintiff may miss a support and alimony payment as has been set forth in this Order. So long as the Plaintiff remains current with the support and alimony payments required by this Order, then the arrearage amount shall remain in abeyance. If, however, at any time in the future, the Plaintiff shall miss a payment in accordance with this Order, then the Defendant may forthwith bring action to enforce all arrearages then due and shall be entitled to a judgment for any arrearage which may be due at that time. Likewise, the Defendant shall not be precluded from bringing an action in the future should there be a substantial change in circumstance and condition of the Plaintiff's finicial [sic] level of income and/or assets.

No appeal was taken from this order of March 18, 1980.

On appeal Haselwood asserts that she is entitled to an order for judgment for the alimony and support arrearage. Our courts have yet to address directly whether past due alimony constitutes a judgment lien; for cases from other jurisdiction *see* West's Southeastern Digest, *Divorce*, Key No. 256. We need not reach that issue in this case. The March 18, 1980, order in effect provided that the collection of the arrearage would be held in abeyance until such time as the plaintiff may miss a support and alimony payment. The trial court found that the husband had not missed a support or alimony payment because they had all been made within the month that they were due. The trial court found that this was substantial compliance but he also provided that in the future all payments must be made by the fifteenth of each month. Under the circumstances, the effect of this order is to hold in abeyance execution and levy on any judgment which might exist for the past due alimony and/or hold in abeyance any right to have the past due alimony

reduced to judgment. The March 18, 1980, order was not appealed and is the law of this case. There was no error in the trial judge's finding of substantial compliance with the March 18, 1980, order, and we so hold.

Haselwood next asserts she is entitled to have the sum of $957.06 added to her past due arrearage. This amount has been added perforce of the 1980 order. In pertinent part this order provides:

(3) 1977 TAX APPORTIONMENT: It is agreed between the parties that the Defendant may, at her option, compute any state and federal income tax refund she may be entitled to at her own expense and said amount shall be added to support and alimony arrearages, if, indeed, there is any refund due. Provided that there is an income refund due to the Defendant from the 1977 Income Tax year, then the Defendant shall file whatever amount is allegedly due her with this Court and also serve a copy of same upon the Plaintiff. The Plaintiff is hereby granted thirty days (30) days in which to request a hearing should he so desire. Failure of the Plaintiff to request a hearing within thirty (30) days after he has been served with a claim for income tax refund as set forth hereinabove shall result in any refund amount being added to the support and alimony arrearage which are owed to the Defendant at the time.

The record discloses that in 1979 Haselwood filed proof of the $957.06 income tax refund due her with the family court and served her husband with this proof. The husband did not contest the claim. The husband concedes in his brief that this amount should be added to the arrearage and that this is, in fact, the effect of the appealed order; we agree. Under the above order, the $957.06 was then automatically added to the arrearage and we so hold.

Haselwood next asserts the trial judge erred by not holding the husband in contempt for failure to verify the maintenance of certain life insurance policies.

A determination of contempt is a serious matter and should be imposed sparingly; whether it is or is not imposed is within the discretion of the trial judge, which will not be disturbed on appeal unless it is without

evidentiary support. *Hicks v. Hicks*, 280 S. C. 378, 312 S. E. (2d) 598 (App. 1984). The record before us disclosed the insurance was in effect; the trial judge found that the husband had substantially complied with the order. We find no abuse of discretion by the trial court in refusing to hold the husband in contempt.

For the reasons given, the judgment below is

Affirmed.

SANDERS, C. J., and CURETON, J., concur.