1584

Linda S. PIRKLE, Respondent v. Larry B. PIRKLE, Appellant.

(399 S.E. (2d) 797)

Court of Appeals

*Julius B. Aiken* and *William J. Barnes*, Greenville, *for appellant.*

*Timothy E. Madden* and *David H. Wilkins*, of *Wilkins, Nelson, Kittredge, & Simmons*, Greenville, *for respondent.*

Heard Nov. 12, 1990.

Decided Dec. 19, 1990.

CURETON, Judge:

This is an appeal from an order holding Larry B. Pirkle in contempt of court for willful failure to comply with a family court order. Mr. Pirkle appeals. We affirm in part, reverse in part, and remand.

Linda and Larry Pirkle were divorced in April of 1987. The family court entered an amended final order dated April 30, 1987. The order contained the terms of the parties' agreement as to alimony, child support, and equitable distribution of marital property.[1] In November of that year Linda Pirkle filed a contempt petition listing eighteen instances in which she claimed Larry Pirkle had not complied with the court order.

---

[1] The incorporated agreement contained the language that the agreement was contingent on Mr. Pirkle getting the marital residence released from a Small Business Administration mortgage.

Mr. Pirkle filed a return, answer, and counterclaim seeking to hold Mrs. Pirkle in contempt and to reduce alimony and child support. Over the next year the court held several hearings on the matters raised. Two substantive orders were issued dated April 11, 1988, and December 23, 1988. In the April order the court found Pirkle in willful violation of several provisions of the 1987 order and also found he was delinquent in payment of several items but these delinquencies were not willful violations. He was ordered to make the delinquent payments within forty-five days. The court stated it would hold a separate sentencing hearing. The court also denied the request for reduction of alimony and chid support. The December order was the sentencing order. The trial judge found Pirkle owed a total of $7000 relating to the allegations of the contempt petition and "all of these items relate to child support in one fashion or another." The court also found he owed $3000 for attorney fees from prior orders. The court assessed an additional $2000 in attorney fees for the contempt action. The court sentenced Pirkle to ninety-one days incarceration and provided he could purge himself of the contempt by payment of the stated amounts within a certain time period.

## CONTEMPT OF COURT

A finding of contempt rests within the sound discretion of the trial judge and results from willful disobedience of a court order. *Henderson v. Henderson,* 298 S.C. 190, 379 S.E. (2d) 125 (1989); *Moseley v. Mosier,* 279 S.C. 348, 306 S.E. (2d) 624 (1983). The decision of the trial judge will not be disturbed unless it is without evidentiary support. *Haselwood v. Sullivan,* 283 S.C. 29, 320 S.E. (2d) 499 (Ct. App. 1984).

In the April 1988 order the trial judge found Pirkle in contempt on the issues of (1) failure to pay a $344.87 second mortgage payment, (2) failure to transfer a station wagon to Mrs. Pirkle, (3) failure to make payments on $3900 in attorney fees from the divorce action, (4) failure to pay $2383 in investigator fees from the divorce action, and (5) failure to pay $177.15 in automobile repair charges. The judge also held Pirkle in contempt for failure to make support payments, but the April order stated the judge was uncertain of the amount and would hear additional arguments at the sentencing hearing. The April order also found Pirkle owed (1)

$1050 for a back brace for one of his children, (2) $321.37 for medical bills, (3) $500 on credit card bills, and (4) $500 in other mortgage payments. He was ordered to pay these amounts within forty-five days but the court did not find him in contempt.

In December of 1988 the court issued its sentencing order. The court found Pirkle owed $7000 in items relating to child support and $3000 for attorney fees. An additional $2000 in attorney fees was awarded to Mrs. Pirkle as a result of the contempt proceeding. The transcript of record does not indicate what, if any, additional evidence was given to the court relating to unpaid support. Mrs. Pirkle had claimed $2500 was due. The transcript also does not indicate whether Pirkle made any payments in the interim on any of the items from the April order.

Pirkle argues the December order does not indicate how the court computed the arrearage of $7000 and should be reversed. The December order does not contain an itemization of the $7000 total. It appears the court modified the prior finding of $3900 in delinquent attorney fees to the amount of $3000 and separately stated this sum. This item is not part of the $7000 total. However, this court cannot conclude from the record how the $7000 was computed. We are left to speculate whether the court made a determination of the amount of unpaid support or whether the court included in the computation some of the items noted in the April order which were due but not subject to contempt.

Therefore, we reverse and remand this matter to the family court for clarification of the relationship between the April and December orders. The court should indicate what, if any, support was unpaid and specify if any of the items previously determined to be unpaid but not subject to contempt were included in the December order. On remand the court should also provide an explanation for the modification of the attorney fee arrearage and an explanation for the award of $2000 in additional attorney fees. However, we affirm the court's decision to hold Pirkle in contempt for failure to comply with the court's 1987 order. The 1987 order clearly called for payment of attorney fees and investigator fees and Pirkle did not make the payments. Although the evidence conflicts, there is also sufficient evidence to support the

family court's conclusion he did not transfer the car, pay the second mortgage payment, or the car repair bill as required. We reject Pirkle's contention that the 1987 agreement and order is void because of his inability to have the marital residence released from the Small Business Administration loan. The order does not establish a final date for release of the property nor does the record reflect Mr. Pirkle has exhausted his efforts to obtain the release. It only shows an ongoing process.[2]

## REDUCTION OF CHILD SUPPORT AND ALIMONY

Mr. Pirkle requested a reduction in alimony and child support. This request was denied by the family court in its April order. We affirm this decision of the family court.

In the 1987 order alimony and child support were set at $500 per week. This sum was composed of equal installments of $250 each of alimony and child support. Pirkle requested a reduction due to setbacks in his florist and nursery business. One of his three locations burned and was underinsured. Pirkle also sustained a personal injury which caused him to lose time from work. On the other hand, his financial statement indicated he received more income from his employment at the time of the contempt hearing than he was receiving at the time the support order was entered. Additionally, the evidence shows he continues to maintain a nonfrugal lifestyle. He had, at time of trial, purchased a large screen television set on credit and had taken his children on a vacation trip to Disney World. There was also evidence of two large cash business checks which Mr. Pirkle explained were payments for inventory for Christmas. The family court found such cash payments highly unusual and not supported by documents.

The family court judge heard the testimony and made credibility determinations concerning Pirkle's assertions of financial difficulty. On appeal, we give great deference to a trial judge's credibility determinations. *McAlister v. Patterson*, 278 S.C. 481, 299 S.E. (2d) 322 (1982). There is sufficient evidence in the record to support the denial of the request for a reduc-

---

[2] The husband testified the paperwork had recently been submitted to the Small Business Administration to get the property released.

tion. We affirm the court on this issue. We also affirm the court's denial of Mr. Pirkle's request for attorney fees and the court's refusal to hold Mrs. Pirkle in contempt for her failure to turn over certain property to Mr. Pirkle. These arguments are manifestly without merit and we dispose of them under *S.C. Code Ann.* Section 14-8-250 (Supp. 1989).

We also reverse that portion of the court's December order which provides the clerk of court may issue a bench warrant upon receipt of an affidavit from counsel showing non-compliance with the order. The court may provide the clerk with authority to issue a rule to show cause. However, the court, not the clerk, should determine whether Mr. Pirkle is in contempt of court and either issue or direct the clerk to issue the bench warrant for his arrest. We remand this matter for further consideration in keeping with our reversal of this issue.

The decision of the family court is affirmed in part, reversed in part, and remanded for the reasons specified in this opinion.

Affirmed in part, reversed in part, and remanded.

SHAW and BELL, JJ., concur.