597 S.E.2d 188

**Hugh McIntyre SMITH, Respondent,**

**v.**

**Mary Elizabeth Dixon SMITH, Appellant.**

**No. 3801.**

Court of Appeals of South Carolina.

Submitted April 6, 2004.

Decided May 24, 2004.

Carolyn R. Hills, of Myrtle Beach, for Appellant.

James B. Richardson, Jr., of Columbia and James R. Honeycutt, of Fort Mill, for Respondent.

HEARN, C.J.:

Mary Elizabeth Dixon Smith ("Wife") filed an order and rule to show cause seeking to hold Hugh McIntyre Smith ("Husband") in contempt for failing to pay alimony. The trial judge declined to hold Husband in contempt, finding Husband did not willfully disobey the court order. We affirm.

## FACTS

Husband and Wife divorced on January 19, 1998. Their settlement agreement provided that Wife would receive $3,000 per month in alimony. However, the agreement acknowledged that Husband was nearing retirement and that his retirement would constitute a change in circumstances for the purpose of computing alimony. Specifically, the order stated: "In the event the Husband so retires, the parties acknowledge that this shall constitute a change in circumstances and the Court · shall review the financial condition of the parties to determine what, if any, sum of alimony will be appropriate thereafter." The agreement also provided that Husband would pay, after his retirement, a portion of his Social Security benefit each month to Wife.

Upon his retirement in August 1999, Husband stopped paying the $3,000 per month in alimony and has not paid any further alimony, except for a portion of what he receives in Social Security benefits pursuant to the settlement agreement. In addition, while the order acknowledged Husband's retirement would be a sufficient change of circumstances to warrant review of his alimony obligation, no review had occurred, nor had Husband filed an action for review by any court concerning the amount of alimony he should be paying. On November 20, 2001, Wife filed an order and rule to show cause seeking to hold Husband in contempt for failing to pay alimony since August 1999. The trial judge found that because the language in the order requires the court's review of the financial condition of the parties upon Husband's retirement and does not specify which party should seek review, Husband was not in contempt. At the hearing, the judge stated:

I find that because the language within the Order is mandatory, that there is sufficient information or sufficient doubt as to whether or not there was responsibility on either party, other than what they both acknowledge was, in fact, the change of circumstances as anticipated in the Order.

The Order says the Court "shall" review the financial condition of the parties. What we have is a delay in that review, obviously, but the language is mandatory that the review should take place upon the retirement from his then place of employment that was anticipatory.

Based on his findings, the judge declined to hold Husband in contempt and gave him ten days in which to file an appropriate motion to seek modification of the alimony award. The trial judge declined to award attorney's fees, but ruled the issue could be raised at the merits hearing. Wife appeals.

## STANDARD OF REVIEW

■ A determination of contempt lies within the sound discretion of the trial judge. *Cheap–O's Truck Stop, Inc. v. Cloyd,* 350 S.C. 596, 607, 567 S.E.2d 514, 519 (Ct.App.2002). "A determination of contempt is a serious matter and should be imposed sparingly; whether it is or is not imposed is within the discretion of the trial judge, which will not be disturbed on appeal unless it is without evidentiary support." *Haselwood v. Sullivan,* 283 S.C. 29, 32–33, 320 S.E.2d 499, 501 (Ct.App.1984) (citation omitted).

## LAW/ANALYSIS

### I. Contempt

Wife argues the trial court erred in failing to find Husband in contempt of the order requiring him to pay $3,000 per month in alimony. We disagree.

"It is well settled that contempt results from willful disobedience of a court order; and before a person may be held in contempt, the record must be clear and specific as to acts or conduct upon which the contempt is based." *Cheap–O's Truck Stop, Inc.,* 350 S.C. at 612, 567 S.E.2d at 522 (quoting *State v. Bevilacqua,* 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct.App.

1994)). A willful act is "one done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say with bad purpose either to disobey or disregard the law." *Id.* (citations omitted).

Therefore, our focus is on whether the trial judge abused his discretion in finding that Husband did not willfully disobey the order requiring him to pay alimony. We agree with the trial judge that the mandatory language in the order stating, "In the event the Husband so retires, the parties acknowledge that this *shall* constitute a change in circumstances and the Court *shall* review the financial condition of the parties . . ." was ambiguous as to who was to initiate review of the financial position of the parties. Because the order did not specify which party was responsible for bringing an action for review, we find the trial judge did not abuse his discretion by declining to hold Husband in contempt for failing to file an action for modification.

Wife also argues that a new action was necessary to modify Husband's alimony obligation and therefore the trial judge erred in ordering Husband to merely file a motion seeking court review of his finances. We disagree. Section 20–3–170 of the South Carolina Code (1976 and Supp.2003) provides that "either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments. . . ." While filing a new action for a modification may be preferable, section 20–3–170 does not mandate this approach. Moreover, Wife does not argue and we fail to discern any prejudice by the trial judge's ruling on this issue.

## II. Attorney's Fees

Wife claims the trial judge erred in failing to award her attorney's fees. However, the trial judge did not grant or deny Wife's request for an award of attorney's fees in the contempt order; instead, he deferred consideration of an award until the final hearing on the merits of modification. We find this issue is not immediately appealable.

An intermediate or interlocutory order is immediately appealable only if it involves the merits of the case or affects a substantial right. S.C.Code Ann. § 14–3–330 (1976 and Supp. 2003). The trial judge's decision regarding Wife's request for attorney's fees is not immediately appealable because it does not involve the merits of the case nor does it affect any of Wife's substantial rights. *See Tatnall v. Gardner*, 350 S.C. 135, 138, 564 S.E.2d 377, 379 (Ct.App.2002) ("Pursuant to section 14–3–330(2), this Court may not review an order that 'does not prevent a judgment from being rendered in the action, and [from which the] appellant can seek review . . . in any appeal from [the] final judgment.' "). Therefore, we do not reach this issue. *See also Neville v. Neville*, 278 S.C. 411, 411, 297 S.E.2d 423, 423 (1982) ("We are of the opinion that the interests of justice will be served best if appeals from *pendente lite* orders are held in abeyance until the final order is entered in the family court.").

Accordingly, the decision of the trial judge is

**AFFIRMED.**

ANDERSON and BEATTY, JJ., concur.