652 S.E.2d 432

**Kathleen M. BARTLETT, Appellant,**

v.

**James P. RACHELS, Respondent.**

**No. 4303.**

Court of Appeals of South Carolina.

Submitted Sept. 1, 2007.
Decided Oct. 11, 2007.

350

James W. Corley, of Columbia, for Appellant.

James P. Rachels, of Ridgecrest, CA, pro se.

HEARN, C.J.:

Kathleen M. Bartlett (Wife) appeals the family court's order finding her former husband, James P. Rachels (Husband), was not in contempt of court for allegedly violating a provision of the parties' 1996 divorce decree and denying her request for attorney's fees. We affirm.[1]

## FACTS

The parties married on June 28, 1986, and were divorced on January 30, 1996. In 2006, Wife sought to hold Husband in contempt for his "deliberate and willful failure to pay a

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

percentage of his military pension to [Wife]," as ordered in the divorce decree,

The provisions of the decree at issue provide:

a. [Wife] ... shall be entitled to receive military retired pay upon the retirement from the United States Navy of [Husband]. . . .

b. [Wife] is entitled to Twenty-two and one-half percent (22½%) of the military retired pay of an E–7 rank as a distribution of marital property and directs the Defense Finance and Accounting Center [DFAC] ... to pay Twenty-two and one-half percent (22½%) of an E–7 retired pay directly to [Wife] upon [Husband's] retirement from the Navy.

c. This Order may be served on the Secretary of the Defense, Secretary of the Navy, or designee as authorized under 10 U.S.C. Section 1408[.]

At the hearing, Wife testified regarding her understanding of the retirement provision: "My lawyer at the time told me that all I would have to do is write into [DFAC]." However, she also acknowledged that Husband had written a letter to her lawyer a few months after the divorce, stating he would receive a pension only if he completed twenty years of active duty, and notifying her DFAC "will not garnish my pension [as stated in the decree] due to the amount of time of our marriage. However, I can request an allotment be sent directly to [Wife] at the time of my retirement."

Following the parties' divorce, Husband remained on active duty until retiring in 2005 with twenty years of service. On October 2, 2005, one month before his retirement, Husband again sent Wife a letter concerning the retirement provision: "Our divorce decree has a section dealing with my retirement pension that is very ambiguous. I think it is important that we clear up this ambiguity before I retire. . . . Please call me ASAP so we can discuss this issue." Husband stated that Wife's counsel responded: "Neither Mrs. Bartlett nor I see any reason to compromise."

Wife nonetheless applied to DFAC for garnishment. But on December 15, 2005, DFAC denied Wife's application, stating: "Under the USFSPA [Uniformed Services Former

Spouses' Protection Act, 10 U.S.C. § 1408] we can honor a request for payments from retired/retainer pay as property only in those cases where the parties were married for at least 10 years during which the member performed at least 10 years of creditable military service."

In regard to Husband's failure to pay Wife her portion of the pension, the family court held that the divorce decree "appears ambiguous and imprecise and this court cannot hold [Husband] in deliberate willful contempt for that reason." Wife now appeals.

## STANDARD OF REVIEW

In an appeal from the family court, this court has the authority to find facts in accordance with its own view of the preponderance of the evidence. *Wooten v. Wooten*, 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005). However, this broad scope of review does not require us to disregard the family court's findings or to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Id.*

## LAW/ANALYSIS

### I. Contempt

"An adult who willfully violates, neglects, or refuses to obey or perform a lawful order of the court ... may be proceeded against for contempt of court." S.C.Code Ann. § 20–7–1350 (Supp.2006). For purposes of contempt, an act is willful if "done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." *Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 82–83, 370 S.E.2d 872, 874 (1988).

"Before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct." *Henderson v. Henderson*, 298 S.C. 190, 197, 379 S.E.2d 125, 129 (1989). "The moving party must show the existence of a court order and the facts establishing the

respondent's noncompliance with the order." *Eaddy v. Oliver*, 345 S.C. 39, 42, 545 S.E.2d 830, 832 (Ct.App.2001).

On appeal, a decision regarding contempt should be reversed only if no evidence supports it or the trial court has abused its discretion. *Brandt v. Gooding*, 368 S.C. 618, 627, 630 S.E.2d 259, 263 (2006). "An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support." *Browning v. Browning*, 366 S.C. 255, 263, 621 S.E.2d 389, 393 (Ct.App.2005).

Wife contends the family court abused its discretion because the record lacks evidence supporting the court's conclusion. However, there is no language in the agreement requiring Husband to specifically request a voluntary allotment on behalf of Wife. The agreement clearly instructed DFAC, not Husband, to submit a portion of Husband's pension to Wife. In addition, Husband made attempts to contact Wife, to address DFAC's refusal to garnish his pension on behalf of Wife, and to resolve ambiguities in the order. Because Husband's failure to request a voluntary allotment or submit a portion of his pension to Wife was not in direct contravention to any specific requirement in the order, the family court did not abuse its discretion in failing to hold Husband in contempt.

## II. Attorney's Fees and Costs

Wife also argues the family court erred by failing to award attorney's fees and costs. However, "[a]n award of attorney's fees and costs is a discretionary matter not to be overturned absent abuse by the trial court." *Donahue v. Donahue*, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989). In awarding attorney's fees the family court should consider the following factors: (1) each party's ability to pay his or her own attorney's fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the attorney's fee on each party's standard of living. *E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992).

Considering the aforementioned factors, the family court did not abuse its discretion by refusing to award attorney's fees

354

and costs. First, Wife's attorney did not obtain a beneficial result. Second, Wife fails to present any compelling evidence in regard to the other factors indicating that she should have been awarded attorney's fees. Accordingly, we find no error.

## CONCLUSION

The order of the family court is

**AFFIRMED.**

ANDERSON, J. and THOMAS, J. concur.