THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James Whitney
 Powell, Respondent,
 
 
 

v.

 
 
 
 Carol Ann
 Hemelt, Appellant.
 
 
 

Appeal From York County
 Brian M. Gibbons, Family Court Judge
 Alvin D. Johnson, Family Court Judge
 Henry T. Woods, Family Court Judge
 Robert E. Guess, Family Court Judge

Unpublished Opinion No. 2008-UP-246
 Submitted April 1, 2008  Filed April 28,
 2008

AFFIRMED IN PART, REVERSED IN PART, AND
REMANDED

 
 
 
 Carol Ann Hemelt, of Tega Cay, pro se.
 Michael Benjamin Smith and Thomas F. McDow, both of Rock Hill, for Respondent.
 
 
 

PER CURIAM:  In
 this domestic action, Carol Ann Hemelt (Mother) appeals various family court
 orders finding her in contempt and changing custody.  We affirm in part,
 reverse in part, and remand.[1]
FACTS
James W. Powell
 (Father) and Mother were married on February 7, 1992.  One son (Child) was born
 of this marriage.  Mother and Father separated on April 16, 1994, and in
 October 1994, Father moved to Houston, Texas, for employment.  The couple was
 divorced pursuant to a 1995 North Carolina order.  When the marital litigation
 commenced, Child was one year old.  Child is now fourteen.
Father
 moved to Texas while the divorce action was pending and traveled to Charlotte by airplane every other weekend to spend three days with Child.  In the original
 child custody order, both Mother and Father were found to be fit and proper
 parents, and the court granted primary custody to Mother with liberal
 visitation to Father.  Shortly after the issuance of the divorce decree, Mother
 and Child moved to Tega Cay, South Carolina.
In 2003, Father moved
 before the North Carolina court for modification of the original custody order,
 requesting Child be allowed to fly unaccompanied for weekend and holiday
 visitations.  Mother, not present at the modification hearing, previously expressed
 opposition for airplane travel other than for holiday and summer visitation.  On
 May 21, 2003, the North Carolina court granted Fathers motion for modification
 of visitation on the ground that Child was attending school and the prior
 visitation schedule was no longer feasible.  Furthermore, the North Carolina
 court found Child was able to fly unaccompanied for visitation.  
On March 11, 2004, Father filed a complaint in South Carolina seeking visitation in accordance with the North Carolina modification order. 
 In the alternative, Father sought custody.  On May 21, 2004, the family court
 issued a temporary order finding it was in Childs best interest for Father to
 receive visitation according to the North Carolina order.
In
 November 2005, the family court, pursuant to contempt proceedings filed by
 Father, issued a temporary/contempt order finding Mother in contempt of the
 previous order because of her willful failure to comply with the visitation
 schedule.  The parties eventually reached an agreement, which the family court
 approved by order dated September 22, 2006.
On
 October 6, 2006, Mother moved to vacate the order approving the parties
 agreement, claiming she was under duress at the hearing.  On March 9, 2007,
 however, the family court issued a rule to show cause against Mother pursuant
 to a motion by Father and a verified complaint on his behalf seeking
 enforcement of the September 22, 2006 order and other relief.
A
 hearing on Mothers motion to vacate the September 22, 2006 order took place on
 March 12, 2007.  Neither party appeared; however, their respective attorneys
 and the guardian ad litem were present.  By order dated May 17, 2007, and filed
 May 23, 2007, the family court dismissed the motion and denied Mothers request
 for a new trial.  Pursuant to Rule 11, SCRCP, the family court also sanctioned
 Mother and assessed fees and costs against her.
On
 May 17, 2007, the family court held a hearing on the rule to show cause. 
 Although Mother was served with the rule and other pertinent documents and
 filed a responsive pleading, she did not appear at the hearing.  The day
 following the hearing, the family court issued an order in which it found
 Mother in contempt and ordered her to be confined for a period of one year,
 subject to provisions under which she could purge herself of contempt. 
 Furthermore, although Father did not seek custody in his rule to show
 cause, the family court, pursuant to its emergency protective custody powers,
 ordered the Department of Social Services to take Child into emergency
 protective custody and directed that Child be placed with Father following an
 expedited home study of Fathers home.  The family court further ordered that
 once [Mother] is arrested pursuant to this order, . . . [Father] shall be
 granted custody of [Child] regardless of the status of the home study.  Mother
 subsequently filed unsuccessful motions to stay, vacate, and reconsider this
 order.  This appeal followed.[2]
STANDARD OF REVIEW
In appeals from the family court, the appellate court
 has the authority to find the facts in accordance with its own view of the
 preponderance of the evidence.  Ex parte Morris, 367 S.C. 56, 61, 624
 S.E.2d 649, 652 (2006).  This broad scope of review, however, does not require
 the appellate court to disregard the findings of the family court.  Wooten
 v. Wooten, 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005).  Moreover, [o]ur broad scope of review does not relieve the appealing
 party of the burden of showing the family court committed error.  Latimer
 v. Farmer, 360 S.C. 375, 380, 602 S.E.2d 32, 34 (2004).  The family court abuses its discretion when factual findings
 are without evidentiary support or a ruling is based upon an error of law.  Smith
 v. Doe, 366 S.C. 469, 474, 623 S.E.2d 370, 372 (2005).  Custody decisions
 are left largely to the discretion of the family court.  Kisling v. Allison,
 343 S.C. 674, 679, 541 S.E.2d 273, 276 (Ct. App. 2001). 
LAW/ANALYSIS
I.  Jurisdiction
Mother
 argues the family court erred in enforcing the modification of visitation by
 the North Carolina court.  We disagree.  The South Carolina family court
 modified the original order, as both parties concede it had jurisdiction to do,
 rather than enforce the North Carolina order.
A South Carolina family court of this State has jurisdiction to make a child custody
 determination by initial or modification decree if South Carolina is the home state of the child at the time of
 the commencement of the proceedings.  S.C. Code Ann. § 20-7-788 (1985).  Furthermore,
 a South Carolina family court may modify a custody decree of another state if
 the following criteria are met:

 (1) it
 appears to the court of this state that the court which rendered the decree
 does not now have jurisdiction under jurisdictional prerequisites substantially
 in accordance with this subarticle or has declined to assume jurisdiction to
 modify the decree and (2) the court of this state has jurisdiction.  

Id. § 20-7-810. 
 Here, South Carolina meets the jurisdictional requirements for modification because
 Child lived in South Carolina when Father filed his complaint and North Carolina no longer retained continuing jurisdiction.  
We
 need not address whether North Carolina had jurisdiction to modify the original
 visitation order because South Carolina had jurisdiction in 2004 to make a
 modification.  Although the South Carolina orders refer to the North Carolina order, Fathers complaint filed in South Carolina sought only modification
 of visitation, not enforcement of the prior North Carolina order. 
 Subsequently, in modifying the visitation schedule, the South Carolina family
 court chose to use the same visitation schedule as set forth in the North Carolina order.  Furthermore, the South Carolina family court made its own finding that
 the visitation schedule is reasonable and in the minors child best
 interests.
II.  Service by Certified Mail
Mother
 argues the family court erred in permitting Father to serve an amended
 complaint and rule to show cause by certified mail.[3] 
 We disagree.  
After the Father
 served his complaint, Mother filed a motion seeking a more definite statement. 
 At the hearing on this motion, which the family court ultimately granted,
 Mother agreed to accept service of the amended complaint and rule to show cause
 by certified mail.  The order granting Mothers motion reflects such an
 agreement.  On appeal, Mother now argues service was improper under Rule 4,
 SCRCP.  Because, however, Mother consented to service by certified mail, such
 service was valid and cannot be attacked on appeal.  See Johnson v. Johnson,
 310 S.C. 44, 46-47, 425 S.E.2d 46, 48 (Ct. App. 1992) (Ordinarily, where a
 judgment or order is entered by consent, it is binding and conclusive and
 cannot be attacked by the parties either by direct appeal or in a collateral
 proceeding.). 
III.  Notice
Mother contends the
 family court abused its discretion in denying her motion to set aside the November
 2005 temporary/contempt order because no evidence to supports a finding that she
 received notice of Fathers amended complaint and rule to show cause.  We
 disagree.
A party seeking to
 set aside a judgment pursuant to Rule 60(b), SCRCP, has the burden of
 presenting evidence entitling him to the requested relief. Lanier v. Lanier,
 364 S.C. 211, 215, 612 S.E.2d 456, 458 (Ct. App. 2005) cert. denied,
 Sept. 20, 2006.  The decision to grant or deny a motion
 under Rule 60(b) is within the sound discretion of the trial court.  Bowman
 v. Bowman, 357 S.C. 146, 151, 591 S.E.2d 654, 656 (Ct. App. 2004); see
 also Saro Invs. v. Ocean Holiday Pship., 314 S.C. 116, 124, 441
 S.E.2d 835, 840 (Ct. App. 1994) (noting that Rule 60(b) motions are addressed
 to the discretion of the court and appellate review is limited to determining
 whether the trial court abused its discretion).  Review is thus limited to determining
 whether the family court abused its discretion in granting or denying the
 motion.  Id.  
The record shows Mother
 consented to receiving the amended complaint and rule to show cause by
 certified mail.  In denying Mothers motion to set aside the November 3, 2005
 order, the family court stated, [Mother] also admitted that she would have not
 complied with the temporary order/order for contempt issues by the [family
 court] on November 3, 2005, had she been present at the hearing and the court
 rules similarly because she believed the order of May 21, 2004, to be an
 illegal one.  The family court also found the pleadings were properly sent by
 certified mail, but Mother did not claim them.[4] 
 Because the family court saw and heard Mother and was in a better position to
 evaluate whether her explanation that she never received the pleadings was
 credible, we hold it did not abuse its discretion in denying Mothers motion to
 set aside the November 3, 2005 order.         

IV.  Rule 205, SCACR
Mother maintains
 the family court violated Rule 205, SCACR, by entering a final order on
 September 22, 2006.  Specifically, Mother maintains the order was void because her
 first notice of appeal to this Court divested the family court of jurisdiction
 to enter further orders.  Mother also contends the family court erred in
 denying her motion to set aside the order because the family court had been
 divested of jurisdiction, thus rendering the order void.  We disagree.
Generally, the
 service of a notice of appeal automatically stay matters affected by the appeal
 and the stay continues in effect for the duration of the appeal.  Rule 225(a),
 SCACR.  Family court orders involving a child, however, are not automatically stayed. 
 Rule 225, SCACR(b)(6); S.C. Code Ann. § 20-7-2220 (1985 and Supp. 2007).  Because
 the September 22, 2006 order involved a child, the family court retained
 jurisdiction to enter it.  
V.  Changed Circumstances
Mother alleges
 there was no evidence of changed circumstances to warrant the order of September
 22, 2006 modifying child custody.  We disagree.
In
 the absence of a change of circumstances affecting the welfare of a child, a
 final decree of divorce awarding custody in accordance with an agreement of the
 parties is conclusive between them.  Pitt v. Olds, 333 S.C. 478, 481,
 511 S.E.2d 60, 61 (1999).  In order for a court to modify an existing custody
 decree, there must be a showing of changed circumstances occurring after the
 entry of the decree.  Id.
 When Mother and
 Father divorced in 1995, Child was two years old and not attending school. 
 When Father first sought modification of the visitation, Child was nine years
 old and attending school.  As a result, many of the provisions in the original custody
 order could no longer be implemented.  For example, the initial visitation
 schedule permitted Father to one extended week per month, totaling nine
 straight days.  Such a schedule is patently unworkable for a school-aged
 child.  Under these circumstances, we hold the family court did not err in
 modifying the original custody decree. 
 VI.  Motion to set aside the September 22, 2006 order
Mother contends the family court abused its discretion
 in denying her motion to set aside the September 22, 2006 order.  Specifically,
 Mother maintains she was under duress at the time of the final hearing when she
 and Father reached a settlement regarding Childs visitation.  We disagree.
A
 party seeking to set aside a judgment pursuant to Rule 60(b), SCRCP, has the
 burden of presenting evidence entitling him to the requested relief.  Lanier,
 364 S.C. at 215, 612 S.E.2d at 458.  The decision to grant or deny a motion
 under Rule 60(b) is within the sound discretion of the trial court. Id. at 215-16, 612 S.E.2d at 458.  Review is thus limited to determining whether
 the family court abused its discretion in granting or denying the motion.  Id.  
Here, Mother
 maintains she was under duress at the time of the hearing because she believed
 if she did not agree to the terms in of the settlement she would be incarcerated. 
 According to Mother, this duress contributed to and in fact forced her into
 the agreement.  During the hearing, however, Mother testified she understood
 the terms of the agreement and had not been forced, threatened, or coerced to
 enter into the agreement.  Accordingly, we hold the family court did not abuse
 its discretion in denying the motion to set aside the September 22, 2006
 order.  
VII. 
 Rule 11, SCRCP 
Next,
 Mother argues the family court erred in imposing sanctions pursuant to Rule 11,
 SCRCP.  We disagree.
A
 court imposing sanctions under Rule 11 should, in its order, describe the
 conduct determined to constitute a violation of the Rule and explain the basis
 for the sanction imposed.  Runyon v. Wright, 322 S.C. 15, 19, 471
 S.E.2d 160, 162 (1996).  The imposition of sanctions, however, will not be
 disturbed on appeal absent a clear abuse of discretion by the lower court.  Id.  An abuse of discretion may be found if the conclusions reached are without
 reasonable factual support.  Id.
Here,
 Mother moved to set aside the final order or in the alternative for a new
 trial.  In her motion, Mother maintained the final order should be set aside
 because she was under duress at when she consented to its terms.  Because of
 these allegations, the family court found a hearing was necessary; however,
 Mother failed to appear at the hearing to testify in her defense. 
 Subsequently, the family court sanctioned Mother pursuant to Rule 11, SCRCP,
 stating as follows:

 [Mother]
 never intended to abide by the terms of the agreement approved in the final
 order.  She deliberately misled if not lied to and presented perjured testimony
 to the court at the time of the final hearing.  [These] actions were designed
 to thwart the ability of the court to impose an order.  This motion is a continuation
 of [Mothers] deliberate acts to keep the court from exercising authority over
 her and enforcing its orders . . . [Mothers] failure to appear at this hearing
 confirms that [Mother] filed this motion to thwart the courts authority over
 her.

We agree with the family
 court that Mothers failure to appear at the hearing and provide evidence of
 the duress she alleges prompted her to agree to the terms of the September 22,
 2006 order warranted sanctions under Rule 11, SCRCP.  Without such evidence, it
 was reasonable for the family court to conclude that Mothers claim was
 without good ground to support it and was interposed for delay.  Rule
 11(a), SCRCP.
VIII. 
 Contempt
Mother
 contends the family courts November 3, 2005 contempt order is void for lack of
 subject matter jurisdiction because an appeal was filed with this Court. We
 disagree.
As
 we have stated earlier in this opinion, family court orders involving a child
 are not automatically stayed.  Rule 225, SCACR(b)(6); S.C. Code Ann. §
 20-7-2220 (1985 and Supp. 2007).  Thus, the family court had jurisdiction to
 enter an order of contempt.  
A
 determination of contempt lies within the sound discretion of the trial court.
  Smith v. Smith, 359 S.C. 393, 396, 597 S.E.2d 188, 189 (Ct. App. 2004).
  An appellate court should reverse a finding of contempt only when such a
 finding is without evidentiary support.  Id. at 396, 597 S.E.2d at 189.  [C]ontempt is an extreme measure and the power to adjudge a
 person in contempt is not to be lightly asserted.  State v. Bevilacqua,
 316 S.C. 122, 128, 447 S.E.2d 213, 216 (Ct. App. 1994).  
[C]ontempt
 results from the willful disobedience of a court order.  Cheap-Os Truck
 Stop, Inc. v. Cloyd, 350 S.C. 596, 607, 567 S.E.2d 514, 519 (Ct. App.
 2002).  For purposes of contempt, an act is willful
 if done voluntarily and intentionally with the specific intent to do something
 the law forbids, or with the specific intent to fail to do something the law
 requires to be done; that is to say, with bad purpose either to disobey or
 disregard the law.  Bartlett v. Rachels, 375 S.C. 348,
 352, 652 S.E.2d 432, 435 (Ct. App. 2007) (quoting Spartanburg County Dept of Soc. Servs. v. Padgett, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874
 (1988). 
The
 language of the commands must be clear and certain rather than implied in
 order to support a finding of contempt for violation of a court order.  Welchel
 v. Boyter, 260 S.C. 418, 421, 196 S.E.2d 496, 498 (1973).  Before a person
 may be held in contempt for violating a court order, the order should inform
 him in definite terms as to the duties thereby imposed upon him, and the
 mandate alleged to be violated must be clearly expressed rather than implied.  17
 Am. Jur. 2d Contempt § 157 (1990) (quoted in Am. Fed. Bank,
 FSB v. Kateman, 335 S.C. 273, 277, 516 S.E.2d 1, 3 (Ct. App. 1999)).
In
 the present case, the family court found Mother in contempt for failing to
 comply with the modified visitation schedule.  The family court stated,
 [Mother] has indicated that she had no intent to comply with the terms of the
 agreement set forth in that final order at the time she entered into the
 agreement and has no present intent to comply with the terms . . . [Mothers]
 disobedience . . . is willful, intentional, and deliberate.  The final order
 clearly set forth the terms of the modified visitation schedule.  Accordingly,
 the family court did not abuse its discretion in finding Mother in contempt.  
IX. 
 Emergency Protective Custody
Mother maintains the family court abused its
 discretion by entering an emergency protective custody order and erred in
 denying her motion to vacate the order after the proper procedures were not
 followed.
The family court may issue an ex parte  order
 requiring the Department of Social Services to take a child into emergency
 protective custody without the consent of parents if the family court
 determines there is probable cause to believe that by reason of abuse or
 neglect there exists an imminent and substantial danger to the childs life,
 health, or physical safety; and parents, guardians, or others exercising
 temporary or permanent control over the child are unavailable or do not consent
 to the childs removal from their custody.  S.C. Code Ann. § 20-7-610(P)
 (Supp. 2007). 
The General
 Assembly has provided strict timelines for hearings on the removal of children.
 The family court shall schedule a probable cause hearing to be held within
 seventy-two hours of the time the child was taken into emergency protective custody. S.C. Code Ann. §
 20-7-610(M) (Supp. 2007).  In addition, the merits hearing to determine whether
 removal of custody is needed . . . must be held within thirty-five days of the
 date of receipt of the removal petition. Id.  A continuance may be
 granted for exceptional circumstances, however, the hearing on the merits must
 be completed within sixty-five days following receipt of the removal petition
 if a continuance is granted.  Id.  Section 20-7-736 also provides that
 the family court shall schedule a hearing to be held within thirty-five days
 of the date of receipt of the removal petition.  Id. § 20-7-736(E).
Here,
 the family court found [t]here is probable cause to believe the actions of
 [Mother] constitute abuse of the child and that there exists imminent and
 substantial danger to the childs health.  Furthermore, the family court found
 if Child remained in Mothers custody, his emotional well-being would be in
 danger.  Accordingly, we uphold the family courts order to have Child taken into
emergency protective custody.  
There is no indication in the record, however, that
 the family court complied with statutory timelines after the Department of
 Social Services took protective custody of Child.  Instead, the family court
 ordered an expedited home study of Fathers home, but also granted custody to
 Father regardless of the status of the investigation.  Moreover, at this point
 in time, we have no information as whether the home study has even been
 performed, let alone whether such a study would support a finding that Childs
 best interests would be served by placing him with Father.  Although Mothers
 conduct during this litigation may have been valid reason for the family court
 to have Child placed in emergency protective custody, we are troubled by the
 courts apparent disregard of statutorily mandated procedures and deadlines
 that follow such extraordinary measures.  
Because,
 however, Child has, as best we can determine, been residing with Father during
 the pendency of this appeal, this Court will not, based on the facts before us,
 disturb his current placement.  Nevertheless, we reverse the provision of the
 family court order granting custody of Child to Father regardless of the
 status of the home study and remand the matter to the family court for
 completion of the home study and findings of fact as to Childs best interest
 concerning custody and visitation.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ANDERSON, THOMAS, and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  This Court consolidated Mothers three separate
 appeals and expedited her appeal because it involved child custody.  
[3]  The rule to show cause at issue here was the one
 disposed of in the November 2005 order.  
[4]  Under Rule 4(d)(8), SCRCP, if delivery [of
 certified mail] is refused or is returned undelivered, service shall be made as
 otherwise provided by these rules.  Nothing in the record indicates any
 attempt of an alternative method of service.  Because, however, the focus of
 Rule 4 is service of the initial summons and complaint, we hold the present
 controversy is governed by Rule 5, SCRCP, under which service of pleadings
 subsequent to the original summons and complaint can be accomplished by mailing
 the papers to the party to be served and, when effected in that manner, is
 complete upon mailing.  Rule 5(b)(1), SCRCP.