THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Randall W.
 Brummitt, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Patricia L.
 Brummitt, Respondent.
 
 
 
 
 

Appeal From Sumter County
Wayne M. Creech, Family Court Judge

Unpublished Opinion No.  2010-UP-299
Heard May 19, 2010  Filed June 2, 2010

AFFIRMED

 
 
 
 Michael M. Jordan, of Sumter, for Appellant.
 Richard T. Jones, of Sumter, for Respondent.
 
 
 

PER
 CURIAM: Randall
 Brummitt (Husband) appeals from an order of the family court increasing his
 alimony obligation, finding him in contempt, and awarding Patricia Brummitt
 (Wife) attorney's fees and costs.  We affirm pursuant to Rule 220(b)(1), SCACR,
 and the following authorities:
1. Regarding the family
 court's refusal to reduce or terminate Husband's alimony, we find evidence in
 the record supporting the family court's decision to increase alimony, and
 therefore, the family court did not abuse its discretion.  See  Eubank
 v. Eubank, 347 S.C. 367, 372, 555 S.E.2d 413, 415 (Ct. App. 2001)
 (explaining that a family court's decision regarding the modification of
 alimony will not be disturbed on review absent an abuse of discretion);  Clark
 v. Cantrell, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse
 of discretion occurs when the trial court's ruling is based on an error of law
 or, when grounded in factual conclusions, is without evidentiary
 support.").
2. Regarding the contempt,
 we find no abuse of discretion where evidence in the record reflects Husband
 willfully violated the family court's previous order.  See S.C. Code
 Ann. § 63-3-620 (2010) ("An adult who wilfully violates, neglects, or
 refuses to obey or perform a lawful order of the court . . . may be proceeded
 against for contempt of court.");  Bartlett v. Rachels, 375 S.C.
 348, 353, 652 S.E.2d 432, 435 (Ct. App. 2007) (explaining that a family court's
 decision regarding contempt will be reversed only if the family court abused
 its discretion).
3. Regarding the award
 of attorney's fees, Husband hinged his argument on his inferior financial
 condition and his anticipated success in this appeal.  Because the appeal was
 not successful and ample evidence in the record indicates Husband's ability to
 pay the fees exceeds that of his disabled ex-wife, the family court did not
 abuse its discretion.  Dickert v. Dickert, 387 S.C. 1, __, 691 S.E.2d
 448, 452-53 (2010) ("Whether to award attorney's fees is a matter within
 the sound discretion of the trial court and will not be reversed on appeal
 absent an abuse of discretion.").
AFFIRMED.
FEW, C.J., and THOMAS and
 PIEPER, JJ., concur.