**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Christopher Lee, Respondent,

v.

Wendy Lee, Appellant.

Appellate Case No. 2013-001031

---

Appeal From Greenville County
Robert N. Jenkins, Sr., Family Court Judge

---

Unpublished Opinion No. 2014-UP-322
Submitted July 1, 2014 – Filed August 13, 2014

---

**AFFIRMED**

---

Clifford F. Gaddy, Jr., of Greenville, for Appellant.

Chace Damon Campbell, of Chace and Campbell, of Greenville, for Respondent.

---

**PER CURIAM:** In this divorce action, Wendy Lee (Wife) appeals, contending the family court (1) improperly ordered a six-month suspended incarceration sentence conditioned on her purging the sentence by paying Christopher Lee (Husband) $16,356; (2) improperly sanctioned her pursuant to Rule 11, SCRCP, and exceeded its authority in the sanctions ordered; (3) erred by allowing into

evidence the value of a car found on an internet site; and (4) should have ordered Husband to reimburse her for a drug test.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court improperly ordered a six-month suspended incarceration sentence but allowed Wife to purge the sentence by paying Husband $16,356:  *Smith v. Smith*, 359 S.C. 393, 396, 597 S.E.2d 188, 189 (Ct. App. 2004) ("A determination of contempt lies within the sound discretion of the [family court]."); *id.* (stating an appellate court should reverse a finding of contempt only when such a finding is without evidentiary support); *id.* ("[C]ontempt results from willful disobedience of a court order." (internal quotations marks omitted)); *id.* at 397, 597 S.E.2d at 189 ("A willful act is one done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say with bad purpose either to disobey or disregard the law."  (internal quotation marks omitted)); *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case.").

2. As to whether the family court improperly sanctioned Wife pursuant to Rule 11, SCRCP, and exceeded its authority in the sanctions ordered, including its decision to dismiss Wife's claim that Husband should have to reimburse her for a drug test: *Runyon v. Wright*, 322 S.C. 15, 18-19, 471 S.E.2d 160, 161-62 (1996) (stating under Rule 11, SCRCP, a party may be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments); *id.* at 19, 471 S.E.2d at 162 (stating the party "may also be sanctioned for filing a pleading, motion, or other paper in bad faith (i.e., to cause unnecessary delay) whether or not there is good ground to support it"); *id.* ("The sanction may include . . . a *directive of a*

---

[1] Husband's argument that the appeal should be dismissed because Wife failed to timely serve the family court with the motion to amend under Rule 59(g), SCRCP, is without merit.  *See Gallagher v. Evert*, 353 S.C. 59, 63, 577 S.E.2d 217, 219 (Ct. App. 2002) ("The notes to Rule 59, SCRCP, indicate that subsection (g) was added to help insure the judge is promptly notified that the motion has been filed.  There is no indication that the failure to transmit a copy of the motion to the circuit court affects the tolling provision of Rule 203(b)(1), SCACR."  (internal quotation marks omitted)).

*nonmonetary nature* designed to deter the party or the party's attorney from bringing any future frivolous action or action in bad faith." (emphasis added)); *id.* ("The imposition of [Rule 11] sanctions, however, will not be disturbed on appeal absent a clear abuse of discretion by the [family] court.").

3. As to whether the family court erred by allowing into evidence the value of a car found on an internet site: *Parr v. Gaines*, 309 S.C. 477, 481, 424 S.E.2d 515, 518 (Ct. App. 1992) ("[O]bjections to the admission of evidence must be made when evidence is presented at trial to preserve error for appeal.").

**AFFIRMED.**[2]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.