**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shay Watson Vitale, Respondent,

v.

Jon Michael Vitale, Appellant.

Appellate Case No. 2017-001079

———

Appeal From York County
A. E. Morehead, III, Family Court Judge

———

Unpublished Opinion No. 2019-UP-068
Submitted January 1, 2019 – Filed February 13, 2019

———

**AFFIRMED**

———

Thomas Franklin McDow, IV, and Erin K. Urquhart,
both of McDow and Urquhart, LLC, of Rock Hill, for
Appellant.

Charles D. Lee, III, of McLaren & Lee, of Brevard,
North Carolina; and James Thomas McLaren, of
McLaren & Lee, of Columbia, for Respondent.

———

**PER CURIAM:** Jon Michael Vitale (Father) appeals the family court's order dismissing his rule to show cause. On appeal, Father argues the family court erred by (1) failing to find Shaw Watson Vitale (Mother) in contempt of court for

violating the terms of the final divorce order, and (2) awarding Mother attorney's fees and costs. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in finding Mother was not in contempt for violating final divorce order: *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [the appellate c]ourt reviews factual and legal issues de novo."); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) ("[T]his standard does not abrogate two long-standing principles still recognized by [our] courts during the de novo review process: (1) [the family court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the [family court]."); *Ebert v. Ebert*, 320 S.C. 331, 338, 465 S.E.2d 121, 125 (Ct. App. 1995) ("An ambiguous contract is one capable of being understood in more ways than one, an agreement obscure in meaning through indefiniteness of expression, or having a double meaning."); *Durlach v. Durlach*, 359 S.C. 64, 71, 596 S.E.2d 908, 912 (2004) ("Civil contempt must be proved by clear and convincing evidence."); *Abate v. Abate*, 377 S.C. 548, 553, 660 S.E.2d 515, 518 ("A party seeking a contempt finding for violation of a court order must show the order's existence and facts establishing the other party did not comply with the order."); *Welchel v. Boyter*, 260 S.C. 418, 421, 196 S.E.2d 496, 498 (1973) ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do. The language of the commands must be clear and certain rather than implied."); *Smith v. Smith*, 359 S.C. 393, 396-97, 597 S.E.2d 188, 189-90 (Ct. App. 2004) (affirming the family court's ruling declining to hold a party in contempt for violating a court order when the language in the order was ambiguous).

2. As to whether the family court erred in awarding Mother $5,000 in attorney's fees and costs: *Patel v. Patel*, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004) ("[A]ttorney's fees may be assessed against a party in an action brought in the family court."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay [her] own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living."); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (finding the reasonableness of attorney's fees should be determined by the following

___

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

factors: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; (6) customary legal fees for similar services"); *Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) ("[O]n appeal, an award for attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor."); *Griffith v. Griffith*, 332 S.C. 630, 646-47, 506 S.E.2d 526, 535 (Ct. App. 1998) ("[W]hen an order from the family court is issued [without specific findings of fact to support the court's decision,] in violation of Rule 26(a), SCRFC, the appellate court 'may remand the matter to the [family] court or, whe[n] the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence.'" (quoting *Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991)).

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**